Sixth Division
March 19, 2010

No. 1-08-2875

| | | |
|---|---|---|
| MARIO K. THOMPSON, | ) | Appeal from the Circuit Court |
| | ) | of Cook County |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | 08 L 50700 |
| THE DEPARTMENT OF EMPLOYMENT SECURITY; | ) | |
| DIRECTOR, THE DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY; THE BOARD OF REVIEW OF THE | ) | |
| DEPARTMENT OF EMPLOYMENT SECURITY; and | ) | Honorable |
| U-HAUL COMPANY OF ILLINOIS, INC., | ) | Susan J. McDunn, |
| | ) | Judge Presiding |
| Defendants-Appellees. | | |

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff Mario Thompson, *pro se*, appeals from an order of the circuit court of Cook County confirming the ruling of the Board of Review of the Illinois Department of Employment Security (Board) that the Board lacked jurisdiction to hear his untimely appeal. In this court, plaintiff claims that the Board erred in determining that his actions constituted misconduct so as to disqualify him from receiving unemployment insurance benefits.

The record shows that plaintiff was discharged from his position as a security guard with U-Haul Company of Illinois following an altercation with a coworker. He applied for unemployment benefits and was deemed ineligible due to misconduct connected with his work. The claims adjudicator sent plaintiff a notice of decision by mailing it to his street address at 108 East 124th Street in Chicago.

Plaintiff appealed and was granted a hearing on February 7, 2008. At that hearing, plaintiff confirmed his 124th Street address, and on February 8, 2008, the referee mailed plaintiff

a letter affirming the determination that he was ineligible for benefits. That letter was sent to the address plaintiff confirmed the previous day, with a notice of his right to file an appeal within 30 days of the decision being mailed. Plaintiff filed an appeal 75 days after the decision was mailed, stating that he had not received any decision from the referee and listing his address as 8326 South Ada Avenue.

On June 4, 2008, the Board dismissed plaintiff's appeal for lack of jurisdiction based on his untimely filing. The Board noted the mailing date to plaintiff's last known address and the limitation of jurisdiction under section 801 of the Unemployment Insurance Act (the Act) (820 ILCS 405/100 *et seq*. (West 2008)), which provides that the referee's decision becomes final if not appealed within 30 days of the date of mailing (820 ILCS 405/801(A) (West 2008)). Plaintiff then filed a complaint for administrative review with the circuit court of Cook County, which confirmed the decision of the Board. This appeal followed.

Although plaintiff raises substantive issues relating to his alleged misconduct in this appeal, the Board did not decide his appeal based on the merits of his claim. Rather, the Board determined that it did not have jurisdiction based on plaintiff's untimely appeal. Our review of administrative law proceedings is limited to the propriety of the Board's decision (Oleszczuk v. Department of Employment Security, 336 Ill. App. 3d 46, 50 (2002)), and here we review *de novo* whether the Board had jurisdiction of plaintiff's appeal (Ferrari v. Department of Human Rights, 351 Ill. App. 3d 1099, 1103 (2004)).

Under the Illinois Constitution, final administrative decisions are appealable only " 'as provided by law.' " Collinsville Community Unit School District No. 10 v. Regional Board of

1-08-2875

School Trustees, 218 Ill. 2d 175, 181 (2006), quoting Ill. Const. 1970, art VI, §§ 6, 9. Since "review of a final administrative decision may only be obtained as provided by statute, a court is said to exercise 'special statutory jurisdiction' when it reviews an administrative decision," and a party seeking to invoke it must strictly comply with the procedures prescribed by statute. Collinsville, 218 Ill. 2d at 181-82. Section 801(A) of the Act provides that a referee's decision becomes final unless a party files an appeal with the Board within 30 days of a decision being mailed. 820 ILCS 405/801(A) (West 2008). The 30 days are calculated from the date of service. White v. Illinois Department of Employment Security, 264 Ill. App. 3d 851, 857 (1994). Service is complete by mailing to the last known address of the party entitled to receive it. 820 ILCS 405/804 (West 2008); Esmail v. Department of Revenue, 371 Ill. App. 3d 778, 784 (2007).

In this case, the referee mailed the decision to plaintiff's last known address one day after plaintiff confirmed that address was correct. Plaintiff then had 30 days from the date the decision was mailed to appeal to the Board of Review. The 30 days lapsed on March 10, 2008. Plaintiff's appeal to the Board of Review was not filed until April 24, 2008. He does not deny that he failed to comply with that statutory timeframe, but contends in his reply brief that he did not receive adequate notice and he resided at a different address.

Here, notice was sent via United States mail to the address plaintiff confirmed during his hearing. Plaintiff claims, without citation to authority, that he did not receive the notice in a timely manner, and thus the Board had jurisdiction to entertain his appeal. We disagree. Service by mail is not invalid simply because a party denies receiving it (Esmail v. Department of Revenue, 371 Ill. App. 3d 778, 784 (2007)), and the statute does not confer additional authority

3

on the Board to entertain appeals beyond the 30 days after a decision has been mailed (820 ILCS 405/800 *et seq.* (West 2008)). Thus, the Board correctly found that it had no authority to review plaintiff's untimely appeal. <u>Charleston Community Unit School District No. 1 v. Illinois Education Labor Relations Board</u>, 203 Ill. App. 3d 619, 623 (1990).

Accordingly, we find that the service by mail, under the facts of this case, satisfied the requirements of due process and that the Board properly ruled that it did not have jurisdiction to consider plaintiff's untimely appeal.

For the foregoing reasons, we affirm.

Affirmed.

J. GORDON and R.E. GORDON, JJ., concur.