# Illinois Official Reports

## Supreme Court

---

*People ex rel. Madigan v. Illinois Commerce Comm'n*, 2014 IL 116642

---

Caption in Supreme Court:

THE PEOPLE *ex rel.* LISA MADIGAN, Appellant, v. ILLINOIS COMMERCE COMMISSION *et al.*, Appellees.

Docket Nos.

116642, 116696 cons.

Filed

November 20, 2014

Held
(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

Although the Rules of the Illinois Supreme Court generally provide a 30-day period for seeking direct review of an administrative decision in the appellate court, where the Public Utilities Act specifically provides a 35-day period for seeking such review of a decision or order entered under the Act by the Illinois Commerce Commission, that provision is controlling.

Decision Under Review

Appeal from the Appellate Court for the First District; heard in that court on appeal from review of an order of the Illinois Commerce Commission.

Judgment

Reversed and remanded.

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro and Carolyn E. Shapiro, Solicitors General, and Carl J. Elitz, Assistant Attorney General, of Chicago, of counsel), for the People.

James E. Weging, Special Assistant Attorney General, of Chicago, for appellee Illinois Commerce Commission. |
| Justices | JUSTICE KARMEIER delivered the judgment of the court, with opinion.
Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1    At issue in this appeal is whether the appellate court erred when it dismissed the State's petition for direct review of an order by the Illinois Commerce Commission on the grounds that the State's notice of appeal was untimely and therefore insufficient to invoke the appellate court's jurisdiction. 2013 IL App (1st) 122981-U. Although the State complied with the 35-day filing period specified by section 10-201(a) of the Public Utilities Act (220 ILCS 5/10-201(a) (West 2010)), the appellate court believed separation of powers considerations required that controlling effect be given instead to Supreme Court Rule 335(i) (Ill. S. Ct. R. 335(i) (eff. Feb. 1, 1994)), which incorporates by reference Supreme Court Rule 303 (Ill. S. Ct. R. 303 (eff. June 4, 2008)). Under Rule 303(a) (Ill. S. Ct. R. 303(a) (eff. June 4, 2008)), the deadline for filing a notice of appeal is only 30 days, a deadline the State did not meet. The State petitioned for leave to appeal (Ill. S. Ct. R. 315 (eff. July 1, 2013)). The Illinois Commerce Commission filed a separate petition to appeal as a matter of right (Ill. S. Ct. R. 317 (eff. July 1, 2006)) or, in the alternative for leave to appeal (Ill. S. Ct. R. 315 (eff. July 1, 2013)). We allowed both parties' petitions and consolidated the cases. We now reverse and remand to the appellate court for further proceedings.

¶ 2                                   BACKGROUND
¶ 3    In 2009, the Illinois American Water Company (IAWC) petitioned the Illinois Commerce Commission (Commission) pursuant to the Public Utilities Act (220 ILCS 5/1-101 *et seq.* (West 2010)) for approval of its annual reconciliation of purchased water and purchased sewage treatment surcharges. See 83 Ill. Adm. Code 655.50 (2001); 220 ILCS 5/9-220.2 (West 2010). The State sought and was granted leave to intervene in the proceeding. By order dated July 31, 2012, the Commission approved the reconciliation subject to certain modifications. The State asked for rehearing. The Commission denied that request in an order entered by the Commission on September 11, 2012.

¶ 4    Under section 10-201(a) of the Public Utilities Act (220 ILCS 5/10-201(a) (West 2010)), the State had 35 days from denial of rehearing to appeal the Commission's decision to the appellate court. That placed the deadline for filing the notice of appeal at October 16. According to the record, the notice of appeal was duly filed on that date.

¶ 5    After the notice of appeal was filed, the case proceeded normally. The record was filed, a briefing schedule was set, and briefs were filed. Once the briefs were in, the appellate court determined that the matter could be disposed of without oral argument on the grounds that no substantial question was presented. Ill. S. Ct. R. 352(a) (eff. Feb. 6, 2013). Shortly thereafter, it entered a summary order pursuant to Supreme Court Rule 23(c)(1) (Ill. S. Ct. R. 23(c)(1) (eff. July 1, 2011)), dismissing the appeal for lack of jurisdiction on the grounds that the notice of appeal had not been timely filed. Invoking two prior appellate court cases which had opined that the provisions of section 10-201(a) of the Public Utilities Act were unconstitutional based on separation of powers principles, the appellate court determined that under Supreme Court Rule 335(i)(1) (Ill. S. Ct. R. 335(i)(1) (eff. Feb. 1, 1994)), the notice of appeal should have been filed, instead, within the shorter 30-day deadline set forth in Supreme Court Rule 303(a) (Ill. S. Ct. R. 303(a) (eff. June 4, 2008)). Under that deadline, the State's notice of appeal came five days too late. See 2013 IL App (1st) 122981-U, ¶¶ 2-3.

¶ 6    The State and the Commission each petitioned for rehearing. When rehearing was denied, they petitioned our court for review. We granted both parties' petitions and consolidated the proceedings for briefing, argument and decision.

¶ 7                                      ANALYSIS

¶ 8    The standard of review is undisputed. Whether the appellate court erred in dismissing the appeal for lack of jurisdiction on the grounds that it was untimely and whether section 10-201(a) of the Public Utilities Act is constitutional are both questions of law which we review *de novo*. *Board of Education of Roxana Community School District No. 1 v. Pollution Control Board*, 2013 IL 115473, ¶ 17; *Irwin Industrial Tool Co. v. Department of Revenue*, 238 Ill. 2d 332, 340 (2010).

¶ 9    In undertaking our review, we begin with the provisions of the Illinois Constitution itself. That document grants an appeal as a matter of right from all final judgments of the circuit court. Ill. Const. 1970, art. VI, § 6. It does not, however, confer any right to judicial review of final administrative decisions. The courts of this state are only empowered to review administrative actions "as provided by law." Ill. Const. 1970, art. VI, § 6 (appellate court), § 9 (circuit court); see *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29 (2000).

¶ 10    When the legislature has, through law, prescribed procedures for obtaining judicial review of an administrative decision, a court is said to exercise "special statutory jurisdiction" when it reviews an administrative decision pursuant to the statutory scheme. *Id.* at 30; *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 387 (2008). Special statutory jurisdiction is limited to the language of the act conferring it. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 122 (2007). A court has no powers from any other source. *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees*, 218 Ill. 2d 175, 181-82 (2006). A party seeking to invoke a court's special statutory jurisdiction must therefore comply strictly with the procedures prescribed by the statute. *Id.* at 182; *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007). If the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the court to review it. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985).

¶ 11     The procedures governing appeals from final administrative decisions and orders of the Commission differ depending on the nature of the proceeding. When the decision or order is entered by the Commission under the Electric Supplier Act (220 ILCS 30/1 *et seq.* (West 2010)) or the Illinois Commercial Relocation of Trespassing Vehicles Law (625 ILCS 5/18a-100 *et seq.* (West 2010)), the appeal is "in accordance with the Administrative Review Law" (735 ILCS 5/3-103 *et seq.* (West 2010)). If the appeal is from a decision or order entered by the Commission pursuant to the Illinois Commercial Transportation Law (625 ILCS 5/18c-1101 *et seq.* (West 2010)) or the Public Utilities Act (220 ILCS 5/1-101 *et seq.* (West 2010)), it is controlled instead by the terms of those particular statutes. 83 Ill. Adm. Code 200.890(a) (1996).

¶ 12     Because this was a proceeding under the Public Utilities Act, the appeal was governed by section 10-201 of that statute (220 ILCS 5/10-201 (West 2010)). Section 10-201(a) expressly provides that any person or corporation affected by a rule, regulation, order or decision of the Commission may appeal to the appellate court "[w]ithin 35 days from the date that a copy of the order or decision sought to be reviewed was served upon the party affected by any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, including any order granting or denying interim rate relief, or within 35 days from the date that a copy of the order or decision sought to be reviewed was served upon the party affected by any final order or decision of the Commission upon and after a rehearing of any rule, regulation, order or decision of the Commission, including any order granting or denying interim rate relief." 220 ILCS 5/10-201(a) (West 2010). Under the precedent of this court set forth above governing special statutory jurisdiction, this 35-day statutory period was controlling. There is no dispute that the State filed its appeal within the statutory period. The appeal was therefore timely.

¶ 13     In reaching a contrary conclusion, the appellate court took the view that separation of powers principles required that the statutory appeal period yield to the shorter appeal period specified in Supreme Court Rule 303(a) (Ill. S. Ct. R. 303(a) (eff. June 4, 2008)), which is among the general appeal rules incorporated by reference into Supreme Court Rule 335 (Ill. S. Ct. R. 335 (eff. Feb. 1, 1994)) governing direct review of administrative orders by the appellate court. The appellate court was mistaken. It is true our court has concurrent constitutional authority with the General Assembly to promulgate rules concerning direct appellate court review of administrative decisions. It is also the case that the rules of our court control appellate court review of administrative decisions in the absence of an explicit exercise of rulemaking authority by the legislature or in those situations were a rule enacted by the legislature is in direct conflict with a rule promulgated by our court. *County of Cook, Cermak Health Services v. Illinois State Local Labor Relations Board*, 144 Ill. 2d 326, 334-35 (1991). We have never suggested, however, that Supreme Court Rule 335 requires courts to give controlling effect to the 30-day appeal period in Supreme Court Rule 303(a) whenever review of administrative orders lies with the appellate court.

¶ 14     Supreme Court Rule 335(i)(1) provides simply that certain supreme court rules, including Rule 303(a)'s 30-day filing period (Ill. S. Ct. R. 303(a) (eff. June 4, 2008)), apply to administrative review by the appellate court "[i]nsofar as appropriate." Ill. S. Ct. R. 335(i)(1) (eff. Feb. 1, 1994). We have found it appropriate for courts to apply the 30-day deadline set forth in Rule 303(a) when the legislature has failed to explicitly state a time within which administrative review in the appellate court must be commenced. *County of Cook, Cermak*

*Health Services*, 144 Ill. 2d at 334-35; *Central City Education Ass'n v. Illinois Educational Labor Relations Board*, 149 Ill. 2d 496, 533 (1992). At the same time, however, we have made clear that if the legislature wished to enact its own time period for seeking appeal of administrative decisions by the appellate court, it had the authority to do so. *Id.* We could not conclude otherwise without running afoul of the principles of special statutory jurisdiction.

¶ 15 As noted earlier in this opinion, and as we pointed out in *County of Cook, Cermak Health Services*, 144 Ill. 2d at 334, the Public Utilities Act is one of the statutes where the General Assembly has elected to take that course and explicitly state the period for seeking direct appellate review. Because of this explicit statement, we do not have a situation where resort to the general deadline specified in Rule 303(a) is necessary or appropriate within the meaning of Rule 335. The statutory period set forth in section 10-201(a) of the Public Utilities Act controls and should have been given effect by the appellate court.

¶ 16 *Consumers Gas Co. v. Illinois Commerce Comm'n*, 144 Ill. App. 3d 229 (1986), one of the two appellate court cases on which the appellate court here relied, does not support a contrary position. In *Consumers Gas Co.*, a panel of the Fifth District Appellate Court did declare section 10-201 of the Public Utilities Act to be invalid to the extent that it conflicted with Supreme Court Rule 335. *Id.* at 236. It is important to note, however, that the point of contention in that case pertained to differences with respect to where a notice of appeal should be filed in administrative review cases and on whom the notice be served. The validity of section 10-201's 35-day statutory deadline for filing appeals was not at issue. Indeed, it could not have been at issue because, at the time, the deadline imposed by the statute was identical to one set forth in our rules: 30 days. *Id.* at 234. We note, moreover, that in formulating its analysis, the appellate court completely overlooked the principles of special statutory jurisdiction which apply where, as here, review is sought of administrative action.

¶ 17 *Kreutzer v. Illinois Commerce Comm'n*, 404 Ill. App. 3d 791 (2010), the second appellate court opinion on which the appellate court here relied, is similarly inapposite. Although the version of the Public Utilities Act involved in that case included the same 35-day filing deadline as the current law, the validity of that deadline was not at issue and, as in *Consumers Gas Co.*, 144 Ill. App. 3d 229, principles of special statutory jurisdiction were not taken into account.

¶ 18                                    CONCLUSION

¶ 19 For the foregoing reasons, the appellate court erred when it concluded that separation of powers principles required the timeliness of the State's notice of appeal to be judged by the 30-day period set forth in Supreme Court Rule 303(a) rather than the longer 35-day appeal period specified by the legislature in section 10-201(a) of the Public Utilities Act. Section 10-201(a) controlled, and the deadline imposed by that provision was met. The judgment of the appellate court dismissing the State's appeal for lack of jurisdiction on the grounds that it was untimely is therefore reversed, and the cause is remanded for further proceedings consistent with this opinion.

¶ 20 Reversed and remanded.