2020 IL App (1st) 192382-U

No. 1-19-2382

Order filed July 10, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ADJOA WILEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 50516 |
| | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY; DIRECTOR OF ILLINOIS DEPARTMENT | ) | |
| OF EMPLOYMENT SECURITY; BOARD OF | ) | |
| REVIEW; and ADVANCED CARE SERVICES, INC., | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The Board of Review's dismissal of plaintiff's appeal is affirmed where plaintiff did not appeal the claims adjudicator's denial of unemployment benefits within 30 days.

¶ 2    Plaintiff Adjoa Wiley appeals *pro se* the order of the circuit court affirming the decision of

the Board of Review (Board) of the Illinois Department of Employment Security (IDES) that

affirmed the dismissal of her untimely administrative appeal of a denial of unemployment benefits.[1] Plaintiff argues that her administrative appeal from the denial of benefits was timely. We affirm.[2]

¶ 3    On February 17, 2019, plaintiff filed a claim for unemployment insurance benefits with IDES, claiming she was laid off by her employer, Advanced Care Services, Inc. (Advanced), due to lack of work. Advanced disputed plaintiff's claim, arguing that plaintiff quit her job when asked to work "later hours" and failed to return after Advanced proposed she transfer to a facility that better fit her schedule.

¶ 4    On March 18, 2019, following a phone interview with both parties, an IDES claims adjudicator ruled that plaintiff was ineligible for unemployment benefits because she "voluntarily left" her job for "personal reasons." A determination was mailed to plaintiff on March 19, 2019. It explained the claims adjudicator's decision and informed plaintiff that if she wished to appeal, she must do so within 30 days.

¶ 5    On April 19, 2019, plaintiff filed her appeal of the claims adjudicator's decision.

¶ 6    At a May 7, 2019 hearing on plaintiff's appeal, the referee entered into evidence the claims adjudicator's determination and plaintiff's filing seeking an appeal. Plaintiff testified as to why her appeal was filed after the April 18, 2019 deadline. She faxed the appeal to IDES three times prior to the deadline, but "they told" her "they didn't get it." The facility from which she faxed the appeal could not provide her with a transmission receipt. Plaintiff called IDES many times to

---

[1] Because plaintiff's notice of appeal lists the defendants as "Illinois Department of Employment Security, et al.," we adopt the caption from plaintiff's complaint.

[2] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

confirm receipt of the appeal, but was told to call back later. She then filed the appeal in-person on April 19, 2019. The referee then explained that because she could not provide confirmation that the appeal was faxed by April 18, 2019, her appeal would be dismissed. The referee informed plaintiff that she could appeal to the Board and provide additional evidence. The referee issued a written decision and mailed it to plaintiff on May 8, 2019.

¶ 7 On June 5, 2019, plaintiff filed an appeal with the Board. In the request for reconsideration, plaintiff represented that she faxed the appeal of the adjudicator's decision twice on April 15, 2019, but had an "incorrect fax" number. In an attached letter, plaintiff said that she sent the fax on April 15, 2019, and called IDES that day to confirm, but was told to call back later. She called IDES twice on April 17, 2019, but was told by a "representative" that she should call back later on each occasion. On April 18, 2019, plaintiff called IDES and asked if there was an office she could use to send a fax, and was told to go to an office at 1700 West 18th Street. Plaintiff went to that address, where a "gentleman" assisted her with faxing her "paper work."

¶ 8 Plaintiff sought to admit additional evidence before the Board. The evidence included phone records and a letter purporting to be from Mid-South American Job Center (Mid-South) reading, "On April 15, 2019, Adjoa Wiley submitted a fax to Springfield Illinois Department of Employment Security at (217) 557-4913, from our Resource Center fax machine. It is uncertain [w]hether the fax was transmitted successfully, as our fax machine does not provide confirmation Receipts." The letter was unsigned but included the business card for Cassie Vinson, Mid-South's associate director.

¶ 9 On August 1, 2019, the Board issued a decision affirming the referee's decision to dismiss plaintiff's appeal for lack of jurisdiction. The Board found that IDES mailed plaintiff the claims

adjudicator's determination on March 19, 2019, such that her appeal was due on April 18, 2019, but that she did not file the appeal until April 19, 2019. The Board rejected plaintiff's argument that she faxed the appeal within 30 days because plaintiff had no confirmation document or other supporting evidence. In so ruling, the Board noted that the Administrative Code provides that an individual sending documents by fax bears the risk of an unsuccessful transmission. See 56 Ill. Adm. Code 2712.1 (2019). The Board refused to consider plaintiff's additional evidence because she "failed to certify in writing that such request was served upon the employer."

¶ 10    On August 23, 2019, plaintiff filed a *pro se* complaint for administrative review of the Board's August 1, 2019 decision. On November 20, 2019, the circuit court entered an order affirming the Board's decision.

¶ 11    On appeal, plaintiff reiterates her argument that she faxed her appeal of the claims adjudicator's decision on April 15, 2019, but was not provided a transmission receipt, and requests a new "hearing" or "interview."

¶ 12    In an appeal from the denial of unemployment benefits, "[w]e review the final decision of the Board, rather than the decision of the referee or the circuit court." *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 22. When, as here, the underlying facts are undisputed, the timeliness of an appeal presents a question of law that we review *de novo*. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 2014 IL 116642, ¶ 8; see also *Goodman v. Ward*, 241 Ill. 2d 398, 406 (2011).

¶ 13    Following the denial of unemployment benefits, a claimant wishing to appeal the decision must file an appeal within 30 days from the date the decision is mailed to the claimant. 820 ILCS 405/800 (West 2018). This is a mandatory provision that acts as a statute of limitations. *Hernandez*

*v. Department of Labor*, 83 Ill. 2d 512, 517 (1981). The 30-day deadline must be "strictly" complied with and "the statute does not confer additional authority on the Board to entertain appeals beyond the 30 days after a decision has been mailed." *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 395 (2010).

¶ 14    A claimant may file an appeal of the claim adjudicator's decision via fax. 56 Ill. Adm. Code 2712.1 (2019). The date on the transmission "confirmation document *** may be presented as evidence of successful transmission and filing," and the "individual *** filing a document by telefax transmission bears the risk that the transmission will not be successful." *Id*.

¶ 15    Here, there is no dispute that the notice of the adjudicator's decision was mailed to plaintiff on March 19, 2019; that her administrative appeal was due on April 18, 2019; and that her appeal was not received by IDES until April 19, 2019. Because these operative facts are not in dispute, whether her appeal was faxed in a timely fashion is a matter of law that we review *de novo*. See *Goodman*, 241 Ill. 2d at 406 ("where the historical facts are admitted or established, but there is a dispute as to whether the governing legal provisions were interpreted correctly by the administrative body, the case presents a purely legal question for which our review is *de novo*").

¶ 16    Based on this record, we affirm the Board's decision that the referee did not have jurisdiction to hear plaintiff's appeal because she did not file it within the mandatory 30-day period. We acknowledge that plaintiff's appeal was only one day late, but the law is unequivocal that this is a jurisdictional requirement and neither the referee nor the Board has discretion to relax the deadline. See *Thompson*, 399 Ill. App. 3d at 395. Plaintiff's argument that her appeal would have been received on April 15, 2019, absent issues with the fax process must also fail because the law is clear that a claimant seeking to file an appeal via fax assumes the risk that the transmission will

fail, and plaintiff provided no confirmation that her fax was sent on April 15, 2019. See 56 Ill. Adm. Code 2712.1 (2019).

¶ 17    We note that the Board decided not to consider the additional evidence plaintiff attempted to submit. On an appeal from the referee's decision upholding the denial of unemployment benefits, an appellant may request that the Board consider additional evidence beyond what was presented at the earlier proceedings. 56 Ill. Adm. Code 2720.315(c) (2019). The appellant must certify that he or she served the request on the opposing party. *Id.* Here, plaintiff does not argue that she served the request on Advanced and so certified to the Board, and there is no certification in the record. Accordingly, the Board's decision not to consider plaintiff's additional evidence was appropriate.

¶ 18    For the foregoing reasons, the Board's decision is affirmed.

¶ 19    Affirmed.