2022 IL App (1st) 210178-U

No. 1-21-0178

Order filed May 4, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROCHELLE EDMON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2020 L 50446 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and CONIFER REVENUE | ) | |
| CYCLE SOLUTIONS, LLC, | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Gordon and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The Board of Review's decision dismissing plaintiff's appeal is affirmed where plaintiff did not file her appeal to the Board within 30 days after the referee's decision was mailed.

¶ 2     Plaintiff Rochelle Edmon appeals *pro se* from an order of the circuit court affirming the decision of the Board of Review (Board) of the Illinois Department of Employment Security

(IDES). The Board had dismissed plaintiff's appeal of an IDES referee's denial of unemployment insurance benefits, which she filed more than 30 days after the referee's decision was mailed. Plaintiff argues on appeal that the untimely mailing of her appeal should be excused because of delays due to the COVID-19 pandemic. We affirm.

¶ 3     The record on appeal does not contain a report of the administrative or circuit court proceedings. The following facts are gleaned from the limited record on appeal, which includes defendant's *pro se* complaint for administrative review, the Board's decision, and the circuit court's order affirming the Board's ruling.

¶ 4     The Board's August 31, 2020, decision stated that plaintiff was appealing a June 25, 2020, referee's decision which held that she was ineligible for unemployment insurance benefits. The Board noted that the record disclosed that the referee's decision was mailed to plaintiff on June 25, 2020, with a notice setting forth her right to appeal to the Board within 30 days. The Board thus determined that her appeal was due on July 27, 2020. However, plaintiff did not file her appeal until July 31, 2020. The Board noted that its jurisdiction was limited by section 801(A) of the Unemployment Insurance Act (Act) (820 ILCS 405/801(A) (West 2020)), which states that a referee's decision shall become final unless it is appealed to the Board within 30 days of the date of mailing. The Board thus concluded that it lacked jurisdiction because plaintiff did not file a timely appeal and dismissed the appeal.

¶ 5     On September 29, 2020, plaintiff filed a *pro se* complaint for administrative review in the circuit court of Cook County. Plaintiff alleged that due to the COVID-19 pandemic, she had difficulty making an appointment with her physician, but submitted her appeal to the Board

"immediately after receiving the necessary documents" from him. She also alleged that she attempted to contact IDES, and was unable to speak with a live agent or access her account.

¶ 6    On February 16, 2021, the circuit court held a hearing after which it affirmed the Board's decision. The court noted that plaintiff contended "credibly, that her ability to obtain the necessary documentation to support her appeal was adversely affected by the pandemic." The legislature, however, established no exceptions to deadlines under the Act for either "good cause" or "neglect."

¶ 7    On appeal, plaintiff argues that the legislature should have made an exception to the statutory deadline for filing an appeal to the Board due to the COVID-19 pandemic. She contends she followed protocol, but "it [was] more time consuming" due to the pandemic. Plaintiff further argues that she did not understand that she could have submitted the necessary paperwork later, and should not be penalized due to the circumstances.

¶ 8    First, we note that plaintiff's brief fails to comply with many of the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the content of appellate briefs. For example, her brief does not contain a "Points and Authorities" statement (see Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020)), any statement of jurisdiction (see Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020)), or an argument section containing citations to the record or to legal authority supporting her claims (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)).

¶ 9    A reviewing court is entitled to have briefs submitted that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve her obligation to comply with the applicable appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. The supreme court rules are not suggestions, and we have

the authority to strike a brief or dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. However, we have the benefit of a cogent appellee's brief, and therefore decline to dismiss the appeal on this basis. See *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14 (reviewing merits of the appeal despite appellant's numerous violations of Supreme Court Rule 341(h)).

¶ 10    This court reviews the final decision of the Board, not the circuit court. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 19. Whether the Board had jurisdiction over plaintiff's appeal is a question of law which we review *de novo*. *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 395 (2010).

¶ 11    The Act provides that "[t]he decision of the [r]eferee shall be final, unless, within 30 calendar days after the date of mailing such a decision, further appeal to the Board of Review is initiated pursuant to Section 803." 820 ILCS 405/801(A) (West 2020). The 30 days are calculated from the date of service, which is complete by mailing the decision to the last known address of the party entitled to receive it. *Thompson*, 399 Ill. App. 3d at 395; see also 820 ILCS 405/804 (West 2020). The time for filing an appeal is "strictly jurisdictional" (*Automated Professional Tax Services, Inc. v. Department of Employment Security*, 244 Ill. App. 3d 485, 488 (1993)), and the Act "does not confer additional authority on the Board to entertain appeals beyond the 30 days after a decision has been mailed" (*Thompson*, 399 Ill. App. 3d at 395).

¶ 12    Here, the record on appeal does not even include the referee's decision. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (the appellant must present a sufficient record to support a claim of error; absent such record, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis," and "[a]ny doubts which may arise

from the incompleteness of the record will be resolved against the appellant"). So even if plaintiff had filed her appeal to the circuit court in a timely manner, our result would be the same. According to the Board's decision, however, the referee's decision was mailed to plaintiff on June 25, 2020; therefore, she had 30 days from that date to file an appeal to the Board. As July 25, 2020, fell on a Saturday, plaintiff had until Monday, July 27, 2020, to mail her appeal. See 5 ILCS 70/1.1 (West 2020) (if the last day on which "any act provided by law to be done" is a Saturday, the deadline extends to the following Monday, if not a holiday). Plaintiff mailed her appeal on July 31, 2020, four days after the deadline. Because she did not mail the appeal within the statutorily mandated 30 days, the Board lacked jurisdiction to review her appeal. See *Thompson*, 399 Ill. App. 3d at 395. Although plaintiff contends her untimeliness should be excused because of the state of emergency declared in Illinois due to the COVID-19 pandemic, the Board lacks authority to review any appeal mailed beyond the 30-day deadline. See *id*. We therefore find that the Board properly dismissed plaintiff's appeal for lack of jurisdiction.

¶ 13    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County affirming the Board's decision.

¶ 14    Affirmed.