2022 IL App (1st) 220859-U

No. 1-22-0859

Order filed December 30, 2022

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KANDRA JONES, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois, |
| Plaintiff-Appellant, | ) | County Department, Chancery |
| | ) | Division. |
| v. | ) | |
| | ) | |
| THE HUMAN RIGHTS COMMISSION, THE | ) | No. 2021 CH 6127 |
| DEPARTMENT OF HUMAN RIGHTS, and COOK | ) | |
| COUNTY DEPARTMENT OF CORRECTIONS, | ) | Honorable |
| | ) | Anna M. Loftus, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE CONNORS delivered the judgment of the court.
Justices Delort and Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's dismissal of plaintiff's complaint for direct administrative review is affirmed.

¶ 2    Plaintiff Kandra Jones appeals *pro se* from an order of the circuit court granting motions

filed by defendants, the Human Rights Commission (Commission) and the Cook County

Department of Corrections (CCDOC), to dismiss her *pro se* complaint for direct administrative

review of a final and appealable order issued by the Commission. On appeal, she argues that she was illegally discharged from employment, that she has not been paid the amount awarded her, and that she is due reinstatement, accommodation, back pay, and an adjustment to her pension. For the reasons that follow, we affirm.

¶ 3 Jones worked for CCDOC as a correctional officer from 1997 until her termination in January 2006.[1] While employed, she filed an employment discrimination charge with the Department of Human Rights (Department). Following her termination, she amended the charge twice. Relevant here, among Jones's many claims was "Count H," which alleged that CCDOC had discharged her because of her disability, *i.e.*, asthma.

¶ 4 The Department administratively closed five counts of the charge at Jones's request. Then, following an investigation, it made a finding of substantial evidence as to three counts of the charge (Counts A, C, and E) and dismissed Count H for lack of substantial evidence. Jones filed a request for review as to the dismissal of Count H. The Department's Chief Legal Counsel initially vacated the dismissal and remanded for further investigation. Following that investigation, the Department again dismissed Count H for lack of substantial evidence.

¶ 5 Jones filed another request for review and, this time, the Department's Chief Legal Counsel sustained the dismissal of Count H. He concluded that CCDOC's articulated, non-discriminatory reason for terminating Jones's employment—that she was absent for several months without providing medical documentation or sufficient leave time—was not a pretext for unlawful

---

[1]Jones sought administrative review in the circuit court of the decision of the Cook County Sheriff's Merit Board to discharge her from employment. The circuit court affirmed, and this court affirmed the circuit court. See *Jones v. Cook County Sheriff's Merit Board*, No. 1-07-3547 (2008) (unpublished order under Illinois Supreme Court Rule 23).

discrimination. He also noted that his order was not final and could not be appealed until all aspects of the charge had been resolved.

¶ 6     Meanwhile, the Department filed a complaint on Jones's behalf with the Commission as to the counts for which it had found substantial evidence (Counts A, C, and E). Following a hearing, a Commission administrative law judge (ALJ) issued a recommended liability determination. The ALJ found that Jones had established by a preponderance of the evidence that CCDOC had discriminated against her by failing to accommodate her disability (Count A) but had not proved her other counts (Counts C and E). The ALJ recommended an award of $50,000 in damages for emotional distress but stayed the order pending determination of the amount of attorneys fees and costs. The ALJ later issued a recommended order and decision which, incorporating the recommended liability determination, specified the amount of awarded attorneys fees and costs. CCDOC submitted exceptions to the recommended order and decision, but the Commission deemed them untimely.

¶ 7     On October 5, 2020, the Commission issued a notice to the parties that the ALJ's recommended order and decision had become its order and decision.[2] CCDOC filed a timely petition for rehearing, which the Commission denied in a written order on January 13, 2021. The Commission's order indicated that it was final and appealable, and that the parties "may seek

---

[2]On December 3, 2020, Jones filed a *pro se* "motion to leave to file petition late" in this court, seeking review of the October 5, 2020, order and decision. At this court's request, the Illinois Attorney General filed a response to the motion, in which it argued that this court lacked authority to allow a late petition for review or an extension of time to file such a petition. Agreeing with the reasons stated in the response, this court struck Jones's motion for lack of jurisdiction. See *Jones v. Illinois Human Rights Comm'n*, No. 1-20-1297 (Dec. 31, 2020) (unpublished disposition order), pet. for leave to appeal denied, No. 126980 (Sept. 29, 2021).

review of this Order in an administrative review proceeding with the Illinois Appellate Court in accordance with procedures indicated in statute and regulation."[3]

¶ 8    On December 8, 2021, Jones filed a *pro se* complaint for direct administrative review of the Commission's order in the circuit court, asking it to "grant and uphold Count H (illegal discharge and discrimination)." She claimed that two members of the CCDOC Merit Board, both of whom "signed off to terminate" her employment, "were appointed for less than the statutorily required 6 years." As such, she argued that the Merit Board was illegally constituted and, under Illinois Supreme Court precedent, any discipline it issued, including her discharge, was invalid and void. As relief, Jones sought, among other things, reinstatement, accommodations of her asthma, and back pay.

¶ 9    The Commission filed a motion to dismiss Jones's complaint for direct administrative review pursuant to section 2-619(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(1) (West 2020)). The Commission argued that the circuit court lacked jurisdiction to adjudicate Jones's complaint because section 8-111(B)(1) of the Illinois Human Rights Act (Act) (775 ILCS 5/8-111(B)(1) (West 2020)) provides only the appellate court with authority to review the Commission's final administrative decisions.

---

[3]On February 11, 2021, Jones filed a petition for direct administrative review of Count H's dismissal in this court. The Commission and CCDOC filed motions to dismiss the appeal for lack of jurisdiction, based on Jones's failure to exhaust administrative remedies. This court granted the motions to dismiss without prejudice to Jones's right to seek a supervisory order from the Illinois Supreme Court. See *Jones v. Illinois Human Rights Comm'n*, No. 1-21-0133 (May 19, 2021) (unpublished disposition order). Nothing in this court's records indicates Jones sought a supervisory order.

CCDOC also filed a petition for direct administrative review in this court. The Commission filed a motion to dismiss that appeal for lack of jurisdiction. We granted the motion, finding that CCDOC had failed to exhaust all administrative remedies prior to seeking judicial review. See *Cook County Sheriff Department of Corrections v. Illinois Human Rights Comm'n*, 2022 IL App (1st) 210174. We note that prior to the resolution of that appeal, CCDOC filed a motion with the Commission to stay enforcement of its order pending direct review in the appellate court, which the Commission granted.

¶ 10    CCDOC filed a separate motion to dismiss pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2020). CCDOC argued that the circuit court lacked jurisdiction over Jones's complaint because she failed to (1) timely file her claims in the proper court, *i.e.*, the appellate court, pursuant to section 8-111 of the Act (775 ILCS 5/8-111 (West 2020)); (2) timely serve CCDOC with her complaint pursuant to the Administrative Review Act (735 ILCS 5/3-103 (West 2020)); and (3) exhaust her administrative remedies for her claims. CCDOC further argued that Jones's claims should be dismissed with prejudice because they were barred by the *de facto* officer doctrine and *res judicata*. Finally, CCDOC asserted that Jones should be sanctioned "for her repeated, frivolous filings."

¶ 11    Jones responded to the motions to dismiss, asserting that she was "not contesting the final order" of the Commission. Rather, she stated she was asking the circuit court "to enforce [the Commission's] final order" by compelling the immediate release of her monetary award of $50,000. However, she also asserted that she was "asking the court to hear count (H) and be made whole." Jones reiterated her claim that her discharge was void because the Merit Board "was deemed illegal," maintained that Count H was not barred by the *de facto* officer doctrine or *res judicata*, and asserted that she had no control over the Commission's order because her attorney improperly withdrew from the case, forcing her to proceed *pro se*. She further argued that she should not be sanctioned for her filings, as she was only fighting for her rights.

¶ 12    Following a hearing, the transcript of which is not included in the record on appeal, the circuit court issued a written order granting the motions to dismiss "for the reasons stated in open court." The court also denied CCDOC's motion for sanctions. In its written order, the court noted

that Jones was "*pro persona*" present at the hearing, and that it had "encouraged [her] to consult with counsel." Jones filed a timely notice of appeal.

¶ 13     In her *pro se* brief, Jones asserts that she is appealing to this court to review Count H. She argues that she was illegally discharged from employment, that she has not been paid the amount awarded her, and that she is due reinstatement, accommodation, back pay, and an adjustment to her pension. She asks that Count H "be upheld and enforced" and that she be "made whole."

¶ 14     As an initial matter, we note that Jones's brief is lacking in many respects. Among other things, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's brief contain argument supported by citations to the authorities and the pages of the record relied on. "A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of the issue." *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. Moreover, when an appellant fails to comply with Rule 341, this court may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. An appellant's *pro se* status does not relieve her of her obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 15     Here, Jones's brief consists primarily of a lengthy statement of facts and does not include any citations to authorities, other than a vague reference to an "IL Supreme court" ruling regarding the composition of the CCDOC Merit Board (presumably *Taylor v. Dart*, 2017 IL App (1st) 143684-B). As an appendix, she has attached copies of documents that, because they were not presented to the circuit court, we may not consider on appeal. See *People ex rel. Madigan v. Leavell*, 388 Ill. App. 3d 283, 287-88 (2009) (striking appendix material not presented to the circuit

court). In these circumstances, we would be justified in striking Jones's brief and dismissing the appeal. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77.

¶ 16    However, while the insufficiency of Jones's brief hinders our review, meaningful review is not completely precluded. This court may entertain the appeal of a party who files an insufficient brief "so long as we understand the issue [the party] intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). In this case, the State respondents (the Commission and the Department) and CCDOC have filed cogent briefs, and it is clear that Jones is challenging the circuit court's grant of the motions to dismiss her complaint for direct administrative review. Accordingly, we will not dismiss Jones's appeal on the basis of her failure to comply with Rule 341.

¶ 17    The State respondents and CCDOC observe that the record on appeal contains no transcript or bystander's report of the proceedings in the circuit court. In general, the appellant has the burden to present a sufficiently complete record of the circuit court proceedings to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of such a record, we will presume that the circuit court's order conformed to the law and resolve any doubts arising from the incompleteness of the record against the appellant. *Id.* at 392.

¶ 18    "However, notwithstanding *Foutch*, a record of the proceedings in the lower court may be unnecessary when an appeal raises solely a question of law, which we review *de novo*." *National Collegiate Student Loan Trust 2007-2 v. Powell*, 2022 IL App (2d) 210191, ¶ 30. Here, Jones is challenging the circuit court's order granting the Commission's and CCDOC's motions to dismiss. The propriety of the granting of a motion to dismiss is a question of law that this court reviews *de*

*novo*. *Alison C. v. Westcott*, 343 Ill. App. 3d 648, 650 (2003). Accordingly, *Foutch* does not preclude our review in this case.

¶ 19 We turn to the merits of the circuit court's judgment.

¶ 20 The Illinois Constitution does not grant any right to judicial review of final administrative decisions. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 2014 IL 116642, ¶ 9. Rather, Illinois courts "are only empowered to review administrative actions 'as provided by law.' " *Id.* (quoting Ill. Const. 1970, art. VI, §§ 6, 9). When the legislature has established procedures for judicial review of administrative action, "a court is said to exercise 'special statutory jurisdiction' when it reviews an administrative decision pursuant to the statutory scheme." *Id.* ¶ 10. Such jurisdiction is limited to the language of the statute conferring it, and a party who wishes to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by the statute. *Id.* If the party does not strictly comply with the procedure set forth in the relevant statute, no jurisdiction is conferred on the court to review the administrative action. *Id.*

¶ 21 In this case, the relevant statute is the Illinois Human Rights Act (Act) (775 ILCS 5/8-101 *et seq.* (West 2020)). Section 8-111(B)(1) of the Act provides that final orders of the Commission are directly reviewable by the Illinois Appellate Court within 35 days from the date that a copy of the order was served upon the party affected by the decision. 775 ILCS 5/8-111(B)(1) (West 2020). Thus, the Act vests the Illinois Appellate Court with exclusive jurisdiction to review final orders issued by the Commission (*Hardee's Food Systems, Inc. v. Illinois Human Rights Commission*, 155 Ill. App. 3d 173, 179 (1987)), and the circuit court lacks jurisdiction to take any action with respect to such orders (*id.*; *In re Schaefer*, 173 Ill. App. 3d 862, 865 (1988)).

¶ 22    Here, the Commission issued a final order on January 13, 2021. The Commission's order indicated that it was final and appealable and advised the parties that they "may seek review of this Order in an administrative review proceeding with the Illinois Appellate Court in accordance with procedures indicated in statute and regulation." Despite this guidance, Jones filed a *pro se* complaint for direct administrative review of the Commission's order in the circuit court on December 8, 2021. Pursuant to section 8-111(B)(1) of the Act (775 ILCS 5/8-111(B)(1) (West 2020)), the circuit court lacked jurisdiction to take any action with respect to the Commission's final order. As such, its dismissal of Jones's complaint for administrative review was proper.

¶ 23    In light of our determination that the circuit court correctly dismissed Jones's complaint due to a lack of jurisdiction, we need not address CCDOC's alternate arguments for affirmance. For the reasons explained above, we affirm the judgment of the circuit court.

¶ 24    Affirmed.