## WILSON P. HALL *et al.*

*v.*

## WILLIAM KIMBALL *et al.*

1. PROMISSORY NOTE—*remedy on, where the maker becomes a part owner.* Where a member of a firm made a promissory note to a third party, who indorsed the same, and the firm of which the maker was a member purchased the same, it was *held*, that the holders could not maintain any action thereon at law against the maker, but that it still remained a valid and binding indebtedness against the maker, which a court of equity would enforce.

2. ASSIGNOR AND ASSIGNEE—*liability of assignor when enforced in equity.* Where A gave his promissory note to B, and the latter sold and indorsed the same, and the firm of which A was a partner acquired the same, and it appeared that A was insolvent at the maturity of the note, it was *held*, in equity, that the indorser was liable upon his assignment.

3. SAME—*set-off in equity.* Where one firm was indebted to another in the sum of $800, and one of the partners of the debtor firm gave his promissory note for over $5000 to the creditor firm, who sold and assigned the same, and it was afterwards purchased by the first named firm, and it appeared that the maker was insolvent when the note matured, and so continued, and the second named firm brought suit against the other to recover the $800 due them, it was *held*, on bill in equity by the firm so sued, alleging the insolvency of the maker of the note, and of the firm suing at law, that the firm assigning the note were liable upon their indorsement, and, being insolvent, a court of equity would set off a sufficient amount of their liability as indorsers to liquidate and balance the sum claimed by them in the suit at law.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

11—77TH ILL.

Messrs. KETCHAM & TAYLER, for the appellants.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The firm of W. P. Hall & Co., of which one Betty McHatten was a member, were indebted to the firm of E. B. Kimball & Co. in the sum of $800, for money advanced, to recover which suit was instituted in the circuit court of Morgan county.

On the 1st day of June, 1867, Betty McHatten, being indebted to the firm of E. B. Kimball & Co. in the sum of $5492.86, on her own individual account, executed and delivered to the firm her promissory note for the amount, due in five months. Before the maturity of the note, Kimball & Co. indorsed it to a banking house in New Orleans.

Betty McHatten failed to pay the note, and after suit was brought by Kimball & Co. against Hall & Co., to recover the $800, the firm of Hall & Co. purchased the note given by Betty McHatten to Kimball & Co., paying for the same $1280.

The firm of Hall & Co. then filed a bill in equity to enjoin Kimball & Co. from collecting the $800 in the action at law, and asked that the note, or so much of the same as was necessary, might be set off against the claim of Hall & Co.

The bill alleges and the proof shows that Betty McHatten, who made the note, and Kimball & Co., the indorsers, were, when the note became due, and still are, insolvent.

The circuit court, on the hearing, entered a decree dismissing the bill. The complainants, Hall & Co., bring the record here by appeal.

It is insisted by appellees, that when Hall & Co. purchased the note, as Betty McHatten was the maker and a member of the firm of Hall & Co., the moment the title to the note was vested in Hall & Co., all right of recovery upon it was gone; that the note was paid by operation of law.

Had Betty McHatten purchased the note in her individual right, perhaps the position taken would be correct. But we see no reason why Hall & Co. could not purchase the note, and hold it as a valid and binding indebtedness against Betty McHatten ; and if it could be held as a subsisting debt against her as the maker, the purchase would not, in any manner, affect the liability of the indorsers.

It is true, Hall & Co. could not, at law, sue Betty McHatten upon the note. In an action at law, one party can not be both plaintiff and defendant, but such is not the rule in a court of equity.

In *Haven & White* v. *Wakefield et al.* 39 Ill. 509, it is said: " This being a contract entered into between two partnerships, and Haven being a partner in each, no action at law could be maintained by one firm against the other, a person being unable to sue himself in any court. If one of these firms were to sue the other, such would be the result. At law, all of the parties to an agreement who fail to perform their joint obligations, must be sued by all the parties to whom they are bound. The obligations on both sides, in this agreement, were joint, and not several. Hence, any suit which may have been brought at law on it would necessarily have been joint, and Haven would have to sue himself in such an action. In such cases, however, to prevent a failure of justice, equity takes jurisdiction, and makes compensation for any injury that may have been sustained."

This note, as appears from the testimony, was purchased by the firm of Hall & Co. for their own use and benefit. The firm could, no doubt, maintain a suit against the maker of the note in a court of equity, and enforce collection. It then follows, that if the firm of Kimball & Co. became liable as indorsers upon the note, and the note is still in full force, Hall & Co. would be entitled to proceed against the indorsers.

The proof shows that Kimball & Co. are insolvent, and that Betty McHatten is also insolvent. Under such circumstances, it would be inequitable to permit Kimball & Co. to enforce

payment from Hall & Co., when at the same time Kimball & Co. are indebted to Hall & Co. We are, therefore, of opinion that, under the evidence, the appellants were entitled to set off a sufficient amount of the note to liquidate the amount of the demand for which appellants were sued by appellee in the action at law.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*