238

Jacob Y. Mayhew, Appellant, v. Burt Craig, Appellee.
Gen. No. 7,959.

Opinion
filed May 21, 1929.

Sturtz & Ewan and Thomas J. Welch, for appellant.

Martin E. O'Connor and James H. Andrews, for appellee.

Mr. Presiding Justice Jones delivered the opinion of the court.

This is an action of assumpsit instituted by Jacob Y. Mayhew against Burt Craig to recover approximately $1,511 as one-half the value of certain drayage tools and equipment which Mayhew claims to have contributed in excess of the equipment furnished by Craig, in the formation of a partnership about to be consummated between them. A general and special demurrer was sustained to the first amended additional count of the declaration. Plaintiff elected to stand by his count, and there being no further count in the declaration, the court entered a judgment on the pleadings in favor of the defendant and for costs. This appeal is from that judgment.

The principal question involved is whether the averments of the declaration are sufficient to support an action at law, or whether the cause of action therein set forth involves such partnership transactions as are cognizable only by a court of equity.

The count in question avers in substance that on a certain date the parties entered into an oral agreement to form a partnership for the purpose of conducting a drayage and transfer business; that each of them was then the owner of a drayage and transfer business, which they agreed to merge; that each agreed to contribute all his respective equipment to the partnership business; that the equipment and articles furnished by defendant should be set off against like articles furnished by plaintiff, article for article, horse for horse, etc., irrespective of value, and that if the defendant did not have sufficient equipment and articles to

meet and set off the equipment and articles furnished by plaintiff, then defendant agreed to pay plaintiff one-half the then value of such equipment and articles so furnished by plaintiff in excess of those furnished by defendant. It is then averred that in pursuance of the agreement defendant did so contribute certain enumerated articles and equipment, which were set off by certain enumerated articles and . equipment furnished by plaintiff, and that in addition to such articles contributed by plaintiff, he also, under and in accordance with said agreement, contributed certain other specific equipment and articles, also enumerated, of the value of $3,023.57.

It is a general rule that so long as a partnership continues one partner cannot maintain an action at law against his copartner on account of a matter connected with the partnership, until there is a settlement of the accounts and a balance struck. Yet it will lie for the breach of an agreement to enter into a partnership, or of an agreement to furnish capital or property, or to do some act antecedent to the formation of the partnership, and which forms no part of the firm's affairs. (30 Cyc., Partnership, 465.)

There is an obvious distinction between a partnership already entered into between two parties and an agreement to form a partnership. (*Doyle v. Bailey*, 75 Ill. 418.) It is to be observed that the action in the case at bar is based upon an agreement to enter into a partnership, and not upon any affair growing out of the partnership subsequent to its formation. By the averments of the declaration, the contract on which the action is based was made prior to the formation of the partnership, and relates exclusively to the property which should make up the capital of the partnership when formed. None of the partnership affairs are included in the scope of the averments of the declaration, either directly or by necessary intendment. The action is based wholly upon the preliminary contract

The principal reasons for requiring an accounting and settlement between copartners, as a condition precedent to an action at law by one against another upon partnership claims and transactions are: (1) a dispute of this nature ordinarily involves the taking of a partnership account, for, until that is taken, it cannot be known that plaintiff is not liable to refund even more than he claims in the particular suit; (2) in partnership transactions a partner does not as a rule become a creditor or the debtor of a copartner, but of the firm. (30 Cyc., Partnership, 463.) But the jurisdiction of equity in matters of partnership is not exclusive, and an action at law will lie on a covenant or stipulation in partnership articles, unless such suit would involve the accounts of the firm and could not be determined without a general settlement of those accounts. (20 R. C. L., Partnership, 927.)

It has been held that an action at law lies to enforce a covenant to advance a certain sum as capital irrespective of whether or not the accounts have been settled. If there is an agreement that each party shall contribute equally to the capital of the firm and one contributes more than his share, the excess may be treated as money paid and advanced to the other's use and therefore recoverable in an action at law. The test seems to be that if the damages resulting from a breach of a partnership agreement by one partner belong exclusively to the other partner, and not to the firm, and can be assessed without taking an account of the partnership business, then covenant or assumpsit may be maintained by the injured partner against the other for such damages. (20 R. C. L., Partnership, 928; *Tichenor v. Newman*, 186 Ill. 264.) The judicial determination of the controversy at bar does not involve any examination into and adjustment of the partnership accounts or inquiry as to the profits or losses or expenses of the firm, or the adjustment of any claims arising out of the business. The reason of the

rule that one partner cannot sue another at law, except for a balance struck and a promise to pay, does not exist here and the rule therefore has no application. The obligation which is admitted by the demurrer was personal to plaintiff and its nonperformance vested a right of action in him—not in the firm. Any amount collected under the contract in question would not constitute assets of the partnership but would belong to plaintiff individually. (*Tichenor v. Newman, supra.*)

We are of the opinion that an action at law will lie for the alleged breach of the agreement and that the declaration states a cause of action.

The trial court erred in sustaining the demurrer. The judgment is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*