JAY NUSSBAUM, Plaintiff-Appellant, v. MICHAEL P. KENNEDY, Defendant-Appellee.

Third District    No. 3—93—0791

Opinion filed October 20, 1994.—Rehearing denied November 29, 1994.

Paul O. Geiger, of Law Offices of Joseph V. Roddy, of Chicago, for appellant.

Lindner, Speers & Reuland, P.C., of Aurora (Robert Speers, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff was injured on a construction site and thereafter brought suit alleging negligence and violations of the Structural Work Act. (740 ILCS 150/1 *et seq.* (West 1992).) The trial judge instructed the jury that it should find for defendants if they were engaged in a joint venture with plaintiff. The jury made a special finding that the parties were engaged in a joint venture and returned verdicts in favor of defendants on all counts. Plaintiff appealed. We hold (a) in light of the notice of appeal filed by plaintiff, this court lacks jurisdiction over two of the defendants, and (b) the existence of a joint venture

does not bar plaintiff from suing his joint venturers for personal injuries.

## I. FACTS

Plaintiff Jay Nussbaum and defendants Michael Kennedy, Thomas Gutowski and Dave Tkac were engaged in a project that included the purchase of a parcel of land and the construction of a single-family home in Shorewood, Illinois. During the construction, a wall fell on plaintiff thereby rendering him a paraplegic.

Some of the precise details of the business arrangement between the parties were disputed at trial. However, it was beyond dispute that Kennedy was experienced in construction work, and Kennedy purchased the land and placed it in trust. Kennedy and Gutowski purchased the plans to build the house and obtained bids for the excavation and concrete work. Kennedy supplied the lumber for the project. Plaintiff did not participate in these steps. Each of the parties, including plaintiff, contributed money, time and labor to the project.

It was the practice at the jobsite to build a wall on the deck or floor of the house, and then lift the wall into place. The walls were constructed of wood 2 by 4s with a plate on the bottom and two plates at the top; plywood and Celotex sheeting were attached to the walls.

On August 7, 1988, about one week after construction began, the parties attempted to lift and place the south wall on the second floor. As the wall was approximately three-fourths up, Gutowski exclaimed, "I can't handle it." Kennedy said, "It's got to come down." The wall then fell on plaintiff.

Plaintiff's third amended complaint contained two counts against each defendant, one for negligence and one for violations of the Structural Work Act. (740 ILCS 150/1 *et seq.* (West 1992).) Prior to trial the defense asserted, and the trial judge agreed, that one joint venturer is legally prohibited from suing another in tort. Thus, at trial, the defense was allowed to raise the existence of a joint venture as an affirmative defense, and the jury was instructed that verdicts should be rendered for the defendants if they proved any affirmative defense.

Eventually the jury made special findings that Michael Kennedy alone was in charge of the work site and that plaintiff was engaged in a joint venture with the defendants. Accordingly, the jury rendered a verdict in favor of the defendants on all counts.

## II. ANALYSIS

On appeal, the plaintiff asserts (a) the trial judge erred in ruling

that a member of a joint venture cannot sue other members of the venture, (b) the jury's finding that the parties were engaged in a joint venture was against the manifest weight of the evidence, (c) the jury's special finding that a joint venture existed was inconsistent with the jury's other special finding that defendant Kennedy alone was in charge of the work, and (d) the trial judge committed plain error by giving the jury an erroneous instruction regarding defendant David Tkac.

Before we consider the questions raised in the briefs, however, we find it necessary to address the issue of this court's jurisdiction.

## A. APPELLATE COURT'S JURISDICTION

Throughout the proceedings in the circuit court and this court, plaintiff has been represented by the same attorney. In the circuit court, plaintiff's pleadings specifically designated Michael Kennedy, Thomas Gutowski and Dave Tkac as defendants. All of the defendants' names were included in the captions of plaintiff's complaint, first amended complaint, second amended complaint, discovery requests, response to motions for summary judgment, third amended complaint, post-trial motion, and memorandum in support of post-trial motion.

In his notice of appeal, however, plaintiff omitted any references to Gutowski and Tkac. Specifically, the caption of the notice of appeal named the parties as "Jay Nussbaum, Plaintiff-Appellant, vs. Michael P. Kennedy, Defendants-Appellee [sic]." The body of the notice stated:

> "NOW COMES plaintiff-appellant, JAY NUSSBAUM, *** and appeals from the judgment entered on May 14, 1993 in favor of defendants on the jury verdict and the order denying plaintiff's Post Trial Motion for a new trial entered on September 10, 1993 (attached hereto). By his appeal, plaintiff will ask the appellate court to vacate certain of the jury's special findings, reverse the judgment and order entered by the trial court and remand and grant a new trial."

Plaintiff's notice of appeal was filed on October 7, 1993, and was served upon the attorney representing defendant Kennedy, the attorney representing defendant Tkac, and defendant Gutowski *pro se.*

On the date that plaintiff's notice of appeal was filed, Supreme Court Rule 301 stated:

> "Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional. An appeal is a continuation of the proceeding. All rights that could have been asserted by appeal or

writ of error may be asserted by appeal. No formal exception need be taken in order to make any ruling or action of the court reviewable." (134 Ill. 2d R. 301.)

Supreme Court Rule 303(c)(1)(ii) stated that the caption of the notice of appeal shall bear the title of the case, naming and designating the parties in the same manner as in the circuit court and adding the further designation "appellant" or "appellee." (134 Ill. 2d R. 303(c)(1)(ii).) Supreme Court Rule 303(c)(2) stated that the notice of appeal shall specify the judgment or the part thereof appealed from and the relief sought from the reviewing court. (134 Ill. 2d R. 303(c)(2).) Rule 303(d) required that, within seven days of the filing of the notice, the party filing it shall serve a copy upon every other party. 134 Ill. 2d R. 303(d).

The purpose of a notice of appeal is to inform the prevailing party in the trial court that his opponent seeks review by a higher court. (*Lang v. Consumers Insurance Service, Inc.* (1991), 222 Ill. App. 3d 226, 229.) Accordingly, a notice should be considered as a whole and will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigants of the nature of the appeal. (*Lang,* 222 Ill. App. 3d at 229.) Where the deficiency is one of form rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal. *Lang,* 222 Ill. App. 3d at 230.

■ Applying these principles to the case at bar, we conclude that plaintiff's notice of appeal failed to perfect this court's jurisdiction over defendants Tkac and Gutowski. If plaintiff had desired to make Tkac and Gutowski appellees, the notice should have stated this. Here, however, the notice stated that there were "defendants" (plural), but there was an "appellee" (singular). If plaintiff desired for this court to possess jurisdiction over Tkac and Gutowski, the notice of appeal contained substantial defects that prejudiced the unnamed parties. Based upon the designations in plaintiff's notice of appeal, the clerk of this court sent the docketing statement and other documents only to counsel for plaintiff Nussbaum and defendant Kennedy. Kennedy's attorney did not serve Tkac or Gutowski with copies of his brief. *Cf.* 134 Ill. 2d R. 344(a).

Even after the notice of appeal was filed, either plaintiff-appellant Nussbaum or appellee Kennedy could have requested leave to amend the notice of appeal to name Tkac and Gutowski as appellees (134 Ill. 2d R. 303(c)(4)), but neither party did so. Also, neither Tkac nor Gutowski acceded in this court's jurisdiction by participating in this case through the filings of briefs or appearing at oral argument.

The fact that plaintiff served Tkac and Gutowski with copies of the notice of appeal does not cure the jurisdictional defect. In a civil case, the *only* jurisdictional step in appealing a final judgment of a circuit court is the filing of the notice of appeal. (134 Ill. 2d R. 301; *Echols v. Olsen* (1976), 63 Ill. 2d 270, 275.) Whether an appellant properly effectuates service does not affect the jurisdiction of the appellate court. (See *Echols*, 63 Ill. 2d at 274-75.) Thus, serving a copy of a notice upon an unnamed party does not bring that person within this court's jurisdiction.

We conclude that our jurisdiction extends only to those persons named in the notice of appeal, plaintiff Nussbaum and defendant Kennedy.

## B. SUING A JOINT VENTURER

On the merits, we hold that the existence of a joint venture does not bar a plaintiff from suing his joint venturers for personal injuries.

A "joint venture" is an association of two or more entities to carry out a single enterprise for profit. (*Perkinson v. Manion* (1987), 163 Ill. App. 3d 262, 267.) As a practical matter, the only distinction between a joint venture and a partnership is that the former relates to a single specific enterprise or transaction while the latter relates to a general business of a particular kind. (*Ambuul v. Swanson* (1987), 162 Ill. App. 3d 1065, 1070.) Since a joint venture is essentially a partnership carried on for a single enterprise, partnership principles generally govern joint ventures. *In re Johnson* (1989), 133 Ill. 2d 516, 526.

The general rule is that one partner cannot sue a co-partner on a matter concerning the partnership until there has been a final settlement of accounts. (*Balcor Income Properties, Ltd. v. Arlen Realty, Inc.* (1981), 95 Ill. App. 3d 700, 701.) The rationale behind this rule is that the resolution of disputes between partners on partnership matters usually entails a complete accounting in order to ascertain that the partner who claims some amount from his co-partner is not in fact liable to his co-partner in connection with some other partnership debt. *Balcor*, 95 Ill. App. 3d at 701, citing *Mayhew v. Craig* (1929), 253 Ill. App. 238, 241.[1]

There exist numerous exceptions to the general rule that a

---

[1]Some older cases also refer to the rule that a party cannot be both plaintiff and defendant in a case at law. (*Balcor*, 95 Ill. App. 3d at 701, citing *Hall v. Kimball* (1875), 77 Ill. 161, 163; *Kipp v. McChesney* (1872), 66 Ill. 460, 462; *Funk v. Kempton* (1905), 123 Ill. App. 100, 103-04, *appeal dismissed* (1906), 221 Ill. 436.) This prohibition would properly apply where a partner sues or is sued by his own partnership; such a partner would be on both sides

partner cannot sue a co-partner prior to the final accounting. Many cases look to the reasons for the general rule in defining exceptions to the rule, and where courts have found the rationale to be inapplicable, the rule has not been applied. (*Balcor*, 95 Ill. App. 3d at 701-02.) In *Mayhew*, the court stated that the test of a partner's standing to sue his co-partner is whether the damages sought belong exclusively to the suing partner, and not to the firm. (*Mayhew*, 253 Ill. App. at 241.) In the more recent *Balcor* case, however, the court stated:

> "We are of the opinion that the final repository of the award is not the controlling criterion. The better rule *** is a practical one: a partner or a partnership can bring an action against a co-partner if the plaintiff's claim can be decided without a full review of the partnership accounts." *Balcor*, 95 Ill. App. 3d at 702.

Applying these principles of partnership law to the instant case, even if a joint venture existed, this would not bar plaintiff from recovering against his joint venturers. Unlike many types of business-related damages, under the *Mayhew* test, the damages sought for plaintiff's personal injuries would belong solely to plaintiff, and not the partnership. Alternatively, under the *Balcor* test, this case can be decided without a full review of the joint venture's accounts.

The record in this case discloses that defendants and the trial judge erred in their reliance upon section 13 of the Uniform Partnership Act. (805 ILCS 205/13 (West 1992).) Section 13 states:

> "Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act." (805 ILCS 205/13 (West 1992).)

Section 13 clearly indicates when a nonpartner may hold a partnership liable for the acts or omissions of a partner. However, section 13 is silent as to when, if ever, a partner may hold a partner liable for personal injuries. Where the Uniform Partnership Act fails to provide for a specific case, the rules of law and equity govern. 805 ILCS 205/6 (West 1992).

In Illinois, it has long been true, "as a general principle, that one partner cannot sue another partner at law for any matter growing out of the partnership concern, or involving a consideration of

of the lawsuit, since he is a member of the partnership. (*Balcor*, 95 Ill. App. 3d at 701.) In this case, however, plaintiff has brought suit against individuals but not against a partnership or joint venture.

partnership transactions, but for other and independent matters, there is no restriction upon partners." (*Edens v. Williams* (1864), 36 Ill. 252, 253-54.) Here, it might be asked, what did the *Edens* court mean by "any matter growing out of the partnership concern" and what constitutes "other and independent matters"?

■ Although not binding upon this court, we find that *McCombs v. Ellsberry* (Mo. 1935), 85 S.W.2d 135, provides valuable guidance. In *McCombs*, plaintiff sued for injuries sustained while he was a passenger in defendant's car. After judgment was entered in favor of plaintiff, defendant appealed. Defendant asserted that the trial judge should have instructed the jury that plaintiff would be barred from recovery if he was engaged in a joint venture with defendant at the time of the accident. In rejecting this argument, the Missouri Supreme Court stated:

> "The gist of an action for damages by one joint adventurer against another arising out of a personal tort, not the subject-matter of the joint enterprise, as in the instant case, is negligence, the joint adventurers become adversaries, their mutual interests cease to be factors in the litigation, and the rule for imputation of negligence where third parties are involved, having its foundation in the mutuality of interests of the joint adventurers, has no application. It follows that each joint adventurer owes the duty of due care to the other or others and that their rights, in such a tort action inter sese, are governed by the rules of law applying to negligence cases. [Citations.] To uphold [defendant's] contention would permit one joint adventurer while engaged in the joint enterprise to tortiously injure his coadventurer with immunity. Such is not the law." (85 S.W.2d at 140.)

In *McCombs*, the trial judge properly refused to instruct the jury that plaintiff would be barred from recovery if he was engaged in a joint venture with defendant at the time of the accident. In the case at bar, the trial judge erred in giving such an instruction.

In light of our decision on this point, we need not address the remainder of the issues raised by appellant.

## CONCLUSION

We reverse the judgment of the circuit court of Will County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER and BRESLIN, JJ., concur.