2022 IL App (1st) 220262-U
No. 1-22-0262
Order filed December 8, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RICHARD MINOR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 50515 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| THE DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW OF THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY, AND TRANS ONE, INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Trans One, Inc., | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendant-Appellee). | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Lampkin and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Plaintiff's appeal is dismissed where he failed to name all defendants in his notice of appeal, failed to serve the notice of appeal on the defendants, and filed an appellate brief that does not comply with supreme court rules.

¶ 2    Plaintiff Richard Minor appeals without legal representation from an order of the circuit court affirming the decision of the Board of Review (Board) of the Illinois Department of Employment Security (IDES), which affirmed an IDES referee's decision dismissing, for lack of jurisdiction, his appeal from an IDES claims adjudicator's determination finding him ineligible for unemployment benefits due to misconduct. Although no appellee has filed a response brief in this court, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on plaintiff's brief and the record alone.

¶ 3    On appeal, plaintiff, who had been employed as a truck loader by Trans One, Inc., contends that he missed work due to a flight cancellation, called his employer to report his absence three times but received no answer, and was fired. He further contends that he filed for unemployment benefits but had "problems with the mail being delivered in my neighborhood for like a month or two. So by the time I got the papers and sent them back unemployment said that I sent them back too late *** and they couldn't accept it."

¶ 4    For the reasons that follow, we dismiss the appeal.

¶ 5    The limited record on appeal shows that on March 19, 2021, plaintiff was mailed an IDES claims adjudicator's determination that he was ineligible for unemployment benefits. The claims adjudicator found plaintiff was discharged from work "because of attendance," a reason which was within his control to avoid, and which, therefore, constituted misconduct connected with his employment.

¶ 6    Plaintiff filed an appeal of that determination on May 7, 2021. On June 22, 2021, an IDES referee found that the appeal was untimely and dismissed it for lack of jurisdiction. On November 3, 2021, the Board affirmed the referee.

¶ 7    On November 16, 2021, plaintiff filed a complaint for administrative review with the circuit court, which pursuant to section 3-107(a) of the Administrative Review Law (Act) (735 ILCS 5/3-107(a) (West 2020)) named IDES, its director, the Board, and Trans One, Inc. as defendants and necessary parties. On January 26, 2022, the court affirmed the Board.

¶ 8    Plaintiff filed a notice of appeal in this court on February 23, 2022, naming Trans One, Inc., as the only defendant.

¶ 9    We must address the question of our jurisdiction over plaintiff's appeal. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (reviewing courts have an independent duty to consider issues of jurisdiction). Although plaintiff designated IDES, its director, the Board, and Trans One, Inc., as defendants in the circuit court, he listed only Trans One, Inc., as a defendant-appellee in his notice of appeal and in his brief in this court. In addition, nothing in the record or this court's files reflects that plaintiff served the notice of appeal on any of the defendants. For several reasons, including these failures, dismissal of plaintiff's appeal is warranted.

¶ 10    First, plaintiff's notice of appeal was deficient. The purpose of a notice of appeal is to inform the party or parties who prevailed in the circuit court that their opponent is seeking review of the decision by a higher court. *Nussbaum v. Kennedy*, 267 Ill. App. 3d 325, 328 (1994). A notice of appeal should be considered as a whole, and will be found to confer jurisdiction on an appellate court if it adequately sets out the judgment complained of and the relief sought and advises the prevailing litigants of the nature of the appeal. *Id.* If a deficiency in a notice of appeal "is one of

form rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal." *Id.* However, appellate jurisdiction over a party may be found lacking where the notice of appeal contains substantial defects, as where a party is not named and is prejudiced by the omission. *Id.* at 328-29. Prejudice may be found where an unnamed party is not sent documents by the clerk of this court. *Id.* at 328.

¶ 11     Applying these principals to the instant case, we conclude that plaintiff's notice of appeal failed to perfect this court's jurisdiction over IDES, its director, and the Board. The notice of appeal did not list any of these parties as appellees. This omission prejudiced these parties, as the clerk of this court did not send them the docketing statement or any other documents. Given these circumstances, our jurisdiction does not extend to IDES, its director, or the Board. See *id.* at 329. As such, we dismiss the appeal as to these defendants.

¶ 12     Second, plaintiff did not serve a copy of the notice of appeal on any of the defendants, including the defendant named in the notice of appeal, that is, Trans One, Inc. Where an appellant fails to serve a copy of the notice of appeal on an opposing party, this court is not deprived of jurisdiction, as the filing of the notice of appeal is the only jurisdictional step in appealing from a decision of the circuit court. *Wells Fargo Bank, N.A. v. Zwolinski*, 2013 IL App (1st) 120612, ¶ 14. However, failure to serve a copy of the notice of appeal on a party who may be prejudiced by the appellate court's decision may nevertheless result in dismissal of the appeal. *Id.* A party is not prejudiced by such a failure if they could file appellate briefs and argue orally. *Id.* But, where a party has not been served a copy of the notice of appeal, remains officially unaware of the appeal, and is thus unable to file briefs on appeal or argue orally, they have been deprived of an opportunity

to protect their interests through participation in the appellate process and such prejudice warrants dismissal of the appeal. *Id.* ¶¶ 16-17.

¶ 13     Here, plaintiff did not serve a copy of the notice of appeal on IDES, its director, the Board, or Trans One, Inc. As such, they remained officially unaware of plaintiff's appeal and were unable to participate in the appellate process to protect their interests, which could have been adversely affected by a substantive decision in this appeal. Given this prejudice, we dismiss the appeal as to Trans One, Inc., and note that dismissal of the appeal as to IDES, its director, and the Board would be warranted on this basis as well. See *id.* ¶ 17.

¶ 14     Fourth, plaintiff's brief is deficient. Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that an appellant's brief must contain contentions and the reasons therefor, with citation to the authorities upon which the appellant relies. As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5.

¶ 15     Arguments that are not supported by citations to authority fail to meet the requirements of Supreme Court Rule 341(h)(7) and are procedurally defaulted. *Vilardo v. Barrington Community School District 220*, 406 Ill. App. 3d 713, 720 (2010). Self-represented litigants are not excused from following rules that dictate the form and content of appellate briefs. *In re Marriage of Barile*, 385 Ill. App. 3d 752, 757 (2008). "Although we seldom enter an order dismissing an appeal for failure to comply with supreme court rules, our sound discretion permits us to do so." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 20 (striking plaintiff's brief and dismissing appeal for failure to comply with Supreme Court Rule 341(h)(7)).

¶ 16    In this case, plaintiff has failed to provide a reasoned basis for his contentions or any citations to pertinent authorities. Accordingly, his contentions are forfeited, and we would be justified in dismissing the appeal for failing to comply with supreme court rules.

¶ 17    Finally, we observe that plaintiff's appeal would fail were we not to dismiss for any of the reasons explained above. Section 800 of the Unemployment Insurance Act (Act) provides that a claimant who wishes to appeal from the determination of a claims adjudicator must file an appeal to the referee "within 30 calendar days after the delivery of the claims adjudicator's notification of such 'finding' or 'determination,' or within 30 calendar days after such notification was mailed to his last known address." 820 ILCS 405/800 (West 2020). Section 800 does not provide for late filings for either excusable neglect or good cause and, in the absence of a timely filed appeal, the Act does not provide an aggrieved party with any other means of obtaining review. *Hernandez v. Department of Labor*, 83 Ill. 2d 512, 517, 519 (1981). Neither the referee nor the Board has jurisdiction to reach the merits of an untimely filed appeal from a determination of a claims adjudicator. *Camarillo v. Department of Labor*, 129 Ill. App. 3d 387, 390 (1984). Whether the Board correctly determined that a referee lacked jurisdiction over an untimely appeal is a question of law that this court reviews *de novo*. *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 395 (2010).

¶ 18    Here, the record shows that the determination notifying plaintiff of the denial of unemployment insurance benefits and his appeal rights was mailed to him on March 19, 2021. Therefore, the 30-day deadline for plaintiff to file his appeal to the referee was Monday, April 19, 2021. See 5 ILCS 70/1.11 (West 2018) (weekends and holidays are excluded as the last day from the computation of any time requirement fixed by a statute in force in Illinois). Plaintiff filed his

appeal on May 7, 2021. Accordingly, the referee lacked jurisdiction to consider the merits of plaintiff's appeal and the Board's decision affirming the referee's dismissal of the appeal as untimely was correct. See *Thompson*, 399 Ill. App. 3d at 395. Had plaintiff named all parties in his notice of appeal, properly served copies of the notice of appeal on the opposing parties, and filed an appellate brief that complied with Supreme Court Rule 341(h)(7), we would nevertheless affirm the Board's decision.

¶ 19    For the reasons explained above, we dismiss plaintiff's appeal.

¶ 20    Appeal dismissed.