2022 IL App (1st) 210866-U

FIRST DISTRICT,
FIRST DIVISION
December 12, 2022

No. 1-21-0866

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| ROBERTO BARRON and ARRON MARTIN, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | Appeal from the |
| MICHAEL S. SPENCER, CLAYTON TERRILL, | ) | Circuit Court of |
| MATTHEW DYER, NIC ILIEFF, EDIN BEGIC, | ) | Cook County, Illinois. |
| LASZLO SIMOVIC, LASZLO SIMOVIC | ) | |
| ARCHITECTS, LLC, CIS GROUP OF | ) | |
| COMPANIES, LLC, CESAR LEYNES, CORP., | ) | No. 2020 L 6148 |
| CESAR LEYNES, and SUNNY BEACH CORP., | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | John H. Ehrlich, |
| | ) | Judge Presiding. |
| (Laszlo Simovic and Laszlo Simovic Architects, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants-Appellants). | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We dismiss the appeal for lack of jurisdiction since the record on appeal does not contain the order appealed from and does not establish that it was final and appealable.

¶ 2     On June 10, 2018, plaintiffs Roberto Barron and Arron Martin sustained injuries when a second-floor wooden deck directly above them collapsed. Plaintiffs brought suit against various parties, including defendants Laszlo Simovic and Laszlo Simovic Architects, LLC (collectively Simovic), who designed the deck in 2004. The trial court granted Simovic's motion to dismiss the claims against him. We dismiss the appeal for lack of jurisdiction since the record on appeal does not contain the order appealed from and does not establish that it was final and appealable.

¶ 3                                    BACKGROUND

¶ 4     In 2004, Edin Begic owned a two-story house at 5417 North Ashland Avenue in Chicago and hired Simovic to design a wooden deck on the second floor of the property. The City of Chicago (City) issued a permit for construction of the deck on March 12, 2004, and the deck was completed "sometime thereafter."

¶ 5     In 2011, Begic sold the house to Matthew Dyer, who made "high-end upgrades" to the second-floor deck. (Simovic is not alleged to have been involved in designing or installing the upgrades.) In July 2016, after conducting an inspection, the Chicago Department of Buildings (DOB) issued violations requiring the repair and replacement of the deck.

¶ 6     In November 2016, Dyer sold the house to Michael Spencer. On June 10, 2018, Nic Ilieff and Clayton Terrill, tenants of the property, hosted a house party and "ushered *** large amounts of guests" onto the second-floor deck while plaintiffs were standing on the first-floor deck directly below. The second-floor deck collapsed, causing severe and permanent injuries to plaintiffs.

¶ 7     On June 9, 2020, plaintiffs brought suit against Simovic, Begic, Dyer, Spencer, Ilieff, Terrill, and several other parties involved in constructing and inspecting the deck. Only the counts against Simovic as set forth in the first amended complaint are relevant to this appeal. In

count X (negligence), plaintiffs alleged that Simovic negligently designed the deck "to be supported with nails instead of the industry-standard lag screws or bolts in direct violation of the City of Chicago Porch Design and Construction Guidelines under the City of Chicago Building Code." As a result, the deck was not safely secured to the building and was "not suitable for use for those rightfully on the premises."

¶ 8        In count XI (fraudulent misrepresentation), plaintiffs alleged that Simovic is registered with the DOB as a self-certification professional and falsely certified that the permit drawings for the deck were safe, habitable, and in compliance with all relevant codes, despite knowing that the design was "improper and hazardous" and that "persons utilizing the deck/porch could and would injure themselves when the deck/porch collapsed." Simovic allegedly made these misrepresentations to induce the City to grant a permit for the deck and to induce subsequent owners and occupiers of the property to believe the deck was safe. Plaintiffs relied on these misrepresentations in using the property and sustained severe and permanent injuries as a result.

¶ 9        In count XII (fraudulent concealment), plaintiffs alleged that Simovic knowingly concealed the deck's design and construction defects from the City and from owners and users of the deck. Plaintiffs were deceived into occupying the property with the belief that it was safe to use and were not aware of any potential cause of action against Simovic until the accident on June 10, 2018.

¶ 10       Simovic filed a motion to dismiss the counts against him under sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2018)). He argued that plaintiffs' negligence claims were time-barred by the 10-year statute of repose for design and construction claims, since the deck was designed in 2004 and plaintiffs did not file suit until 2020. Although there is a tolling provision for actions that have been fraudulently concealed

(735 ILCS 5/13-215 (West 2018)), Simovic argued that plaintiffs failed to allege he committed any affirmative acts of concealment.

¶ 11    Simovic also argued that plaintiffs failed to state a cause of action for fraudulent misrepresentation, since (1) Simovic, who designed the deck in 2004, had no duty to attendees of a party in 2018; (2) plaintiffs failed to plead the element of factual misrepresentation with particularity but made only vague statements that the deck was not code-compliant; (3) Simovic had no intent to induce plaintiffs to attend a party in 2018; (4) plaintiffs' reliance on Simovic's alleged misrepresentations was not reasonable; and (5) there was no proximate cause between Simovic's alleged misrepresentations and plaintiffs' injury, since the deck was "repaired and/or replaced" in 2016.

¶ 12    On March 20, 2021, the trial court granted Simovic's motion to dismiss. The trial court's order is not contained in the record. Plaintiffs moved to reconsider, and the trial court denied their motion on June 28, 2021.

¶ 13                                    ANALYSIS

¶ 14    Simovic argues we lack jurisdiction over this appeal because plaintiffs' notice of appeal did not adequately express an intent to challenge the trial court's judgment in favor of him. Although the filing of a notice of appeal is jurisdictional, such a notice is construed liberally and will be deemed sufficient "when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal." *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 229 (1991).

¶ 15    Plaintiffs' notice of appeal, filed on July 23, 2021, bore the caption "Roberto Barron and Arron Martin v. Michael Spencer, Clayton Terrill, et al" and stated that it was an appeal from a July 23, 2021 judgment. It listed Nic Ilieff and Lazlo Simovic as appellees and requested the

following relief: "Reverse the ruling of the lower court denying plaintiffs' Motion to Reconsider the lower court's granting of the defendant Ilieff's, Lazlo Simovic Architects, LLC's, and Lazlo Simovic's motions to dismiss." Although Simovic was not listed in the caption (see Ill. S. Ct. Rule 303(b)(1)(ii) (eff. July 1, 2017)) and the notice misstated the date of the order being appealed from, the remainder of the notice sufficiently advised Simovic of the nature of the appeal. Notably, Simovic does not claim he has been prejudiced by the technical deficiencies in the notice of appeal. See *Lang*, 222 Ill. App. 3d at 230.

¶ 16　　　In *Nussbaum v. Kennedy*, 267 Ill. App. 3d 325, 327-29 (1994), we found plaintiff's notice of appeal insufficient to perfect our jurisdiction over defendants Tkac and Gutkowski where it omitted *any* reference to those defendants. "Also, neither Tkac or Gutowski acceded in this court's jurisdiction by participating in this case, through the filings of briefs or appearing at oral argument." *Id.* at 328. Since the notice of appeal in this case explicitly references Simovic, who has participated fully in this appeal, his reliance on *Nussbaum* is misplaced.

¶ 17　　　More significantly, however, the record does not contain the trial court's March 30, 2021 order granting Simovic's motion to dismiss. Additionally, multiple of plaintiff's claims are still pending in the trial court, and there is no record of any finding under Supreme Court Rule 304(a) that there is no just reason for delaying enforcement or appeal of the March 30 order.

¶ 18　　　Rule 304(a) provides that "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). "Without a Rule 304(a) finding, a final order disposing of fewer than all the claims is not an appealable order and does not become appealable until all of the claims are resolved."

(Internal quotation marks omitted.) *Stasko v. City of Chicago*, 2013 IL App (1st) 120265, ¶ 28 (finding no jurisdiction where counterclaim remained pending and trial court made no findings pursuant to Rule 304(a)); see also *City of Champaign v. Madigan*, 2013 IL App (4th) 120662, ¶ 21 (finding no jurisdiction where trial court order left unresolved issues of attorney fees and a counterclaim and there was no formal finding under Rule 304(a)).

¶ 19 The appellant bears the burden of presenting a sufficiently complete record (*Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001)), and " '[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant.' " *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 17 (quoting *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)). Although plaintiffs have attached a purported copy of the order being appealed from (which includes a Rule 304(a) finding) in the appendix to their brief, it is well settled that the record on appeal cannot be supplemented by attaching documents to a brief or including them in an appendix. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001) (ignoring documents appended to parties' briefs that were not part of the record on appeal); see also *Geary v. Telular Corp.*, 341 Ill. App. 3d 694, 697 n. 1 (2003) (same); *Pikovsky v. 8440-8460 North Skokie Boulevard Condominium Ass'n, Inc.*, 2011 IL App (1st) 103742, ¶ 16 (same). Accordingly, based on the record before us, we lack jurisdiction and must dismiss this appeal.

¶ 20 Appeal dismissed.