2023 IL App (1st) 220405-U

No. 1-22-0405

Order filed May 18, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KEAUNNA HARRIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| THE DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | No. 21 L 50490 |
| BOARD OF REVIEW OF THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY, AND UNITED STATES | ) | |
| POSTAL SERVICE, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (United States Postal Service and Illinois Department of | ) | Daniel P. Duffy, |
| Employment Security, Defendants-Appellees). | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff's appeal is dismissed where she failed to name all defendants in her notice
         of appeal, failed to serve the notice of appeal on the defendants, and filed an
         appellate brief that does not comply with the supreme court rules.

¶ 2     Plaintiff Keaunna Harris appeals *pro se* from an order of the circuit court affirming the decision of the Board of Review (Board) of the Illinois Department of Employment Security (IDES) dismissing, for lack of jurisdiction, her appeal of an IDES referee's affirmance of the claims adjudicator's determination that she is ineligible for unemployment benefits. Although no appellee has filed a response brief in this court, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on plaintiff's brief and the record alone.

¶ 3     On appeal, plaintiff, a former mail handler of the United States Postal Service (USPS), argues that the IDES claims adjudicator's finding that she was ineligible for benefits due to misconduct, as well as the referee's affirmance, were incorrect. For the following reasons, we dismiss the appeal.

¶ 4     The following facts are discerned from the record on appeal. Plaintiff, a mail handler from October 2016 until on or about October 3, 2020, filed a claim for unemployment insurance on December 6, 2020, identifying her last day worked as October 3, 2020, and stating she had been "Discharged (Fired)."

¶ 5     On May 26, 2021, IDES mailed to plaintiff the claims adjudicator's determination that she was ineligible for unemployment benefits, having been discharged after "fail[ing] to provide medical documentation regarding her leave of absence." This was a reason within her control to avoid and, therefore, constituted misconduct connected with her employment.

¶ 6     Plaintiff appealed the claims adjudicator's decision on June 4, 2021, stating that she had provided documentation for her absence and had been wrongfully terminated "due to prejudice."

¶ 7    Following a telephonic hearing on July 15, 2021, the referee issued a written decision affirming the claims adjudicator's decision. The decision notes plaintiff's right to file a written appeal to the Board by mail or facsimile within 30 days of July 16, 2021, the date the referee's decision was mailed to her.

¶ 8    Plaintiff sent a letter to IDES in an envelope postmarked August 17, 2021. IDES issued a notice acknowledging that plaintiff filed an appeal to the Board on August 17, 2021.

¶ 9    On October 7, 2021, the Board dismissed plaintiff's appeal for lack of jurisdiction. The Board stated the referee's decision was mailed on July 16, 2021; the filing deadline for plaintiff's appeal to the Board was August 16, 2021; and plaintiff's appeal to the Board was postmarked August 17, 2021. Finding its jurisdiction to review appeals from referees' decisions limited by Section 801 of the Act (820 ILCS 405/801 (West 2020)), the Board concluded it lacked jurisdiction owing to the untimeliness of the appeal. The decision informed plaintiff of her right to file a complaint for administrative review in the circuit court within 35 days.

¶ 10    On November 8, 2021, plaintiff filed a complaint in the circuit court, seeking review of the Board's decision. Consistent with section 3-107(a) of the Administrative Review Law (735 ILCS 5/3-107(a) (West 2020)), the complaint named as defendants IDES, the Director of Employment Security, the Board, and USPS. On February 22, 2022, the court affirmed the Board's ruling.

¶ 11    On March 24, 2022, plaintiff filed a timely notice of appeal, identifying only IDES and USPS as defendants. The notice of appeal lists the dates of the orders from which appeal was taken as October 7, 2021 (the Board's decision); July 16, 2021 (the referee's decision); and February 22, 2022 (the circuit court's order). The proof of service section of the notice of appeal bears plaintiff's signature, but is otherwise blank.

¶ 12 On July 20, 2022, plaintiff filed a brief prepared on a standard form. In the brief, plaintiff certified under section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2020)) that she mailed copies of the brief to IDES and USPS. No other briefs or appearances were filed in this court. On November 15, 2022, this court, on its own motion, entered an order taking the case on plaintiff's brief only.

¶ 13 Plaintiff argues that she filed an appeal to the Board because "[the referee's] reasoning for denying [her] benefits was false." Specifically, the referee found that plaintiff's last day of work was "on or about" June 18, 2020, whereas plaintiff "believe[s]" that her last day of work was October 2 or 3, 2020.

¶ 14 This court has an independent duty to consider issues of jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). We have jurisdiction over this appeal pursuant to section 3-112 of the Code of Civil Procedure (735 ILCS 5/3-112 (West 2020)), which makes final orders in administrative review cases reviewable by appeal as in other civil cases, and Supreme Court Rules 301 and 303, which govern appeals from final judgments of the circuit court in civil cases. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017). Although the complaint plaintiff filed in the circuit court names as defendants IDES, the Director of Employment Security, the Board, and USPS, plaintiff's notice of appeal and appellate brief identify only USPS and IDES as defendants-appellees. Further, neither the record on appeal nor this court's files reflects that plaintiff served the notice of appeal on any person or entity. For these and additional reasons, dismissal of the appeal is warranted.

¶ 15 We first address the deficiencies of the notice of appeal. "The purpose of the notice of appeal is to inform the prevailing party that the other party seeks review of the trial court's decision." *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). A notice of appeal will confer jurisdiction on

the reviewing court if, considered as a whole, it " 'fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal.' " *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (quoting *Smith*, 228 Ill. 2d at 105).

¶ 16    A deficiency in a notice of appeal that is one of form rather than substance is not necessarily fatal, provided the appellee is not prejudiced. *Nussbaum v. Kennedy*, 267 Ill. App. 3d 325, 328 (1994)). However, this court may lack jurisdiction where an unnamed party to the appeal is prejudiced by the omission. *Id.* at 328-29. Prejudice may be found where the clerk of this court does not send an unnamed party documents that are related to the appeal. *Id.* at 328.

¶ 17    In the present case, plaintiff's failure to name the Director of Employment Security or the Board as defendants-appellees prejudiced them by ensuring they would not receive filings from the clerk of this court and precludes our exercise of jurisdiction over them for purposes of this appeal. See *id.* at 329. Neither party filed a brief or an appearance in this court. We therefore dismiss the appeal as to the Director of Employment Security and the Board. See *Minor v. Department of Employment Security*, 2022 IL App (1st) 220262-U, ¶ 11.[1]

¶ 18    A further deficiency of the notice of appeal is the absence of proof of service. Because the filing of the notice of appeal is the sole jurisdictional step in appealing a decision of the circuit court, the appellant's failure to serve a copy of the notice of appeal on an opposing party does not deprive this court of jurisdiction. *Wells Fargo Bank, N.A. v. Zwolinski*, 2013 IL App (1st) 120612, ¶ 14. "A party is not prejudiced by the appellant's failure to serve a copy of the notice of appeal

---

[1] Citing as persuasive authority pursuant to Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) ("a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes").

on the party if the party could file appellate briefs and argue orally." *Id.* However, failure to serve a copy of the notice of appeal on parties who may be prejudiced by the appellate court's decision may be grounds for dismissal of the appeal. *Id.* A party to an appeal that is not served with a notice of the appeal remains officially unaware of the appeal and, presumably, is unable to participate in the appeal and is deprived of an opportunity to protect its interests therein. *Id.* ¶¶ 16-17.

¶ 19    Here, neither the record on appeal nor this court's files contains any evidence that plaintiff served a copy of the notice of appeal on the named defendants-appellees, IDES and USPS. Illinois Supreme Court Rule 303(c) (eff. July 1, 2017) provides that "[t]he party filing the notice of appeal *** shall, within 7 days, file a notice of filing with the reviewing court and serve the notice of appeal upon every other party and upon any other person or officer entitled by law to notice" and that "[p]roof of service *** shall be filed with the notice." Although plaintiff certified that she served her brief on IDES and USPS, we are aware of no Illinois opinions that provide that failure to serve the notice of appeal on defendants-appellees is cured by service of a subsequent filing, where they neither participated in nor acknowledged the appeal. See *In re Joseph M.*, 405 Ill. App. 3d 1167, 1172 (2010) ("The fact that the [defendant-appellee] responded to [plaintiff's] notice of appeal by filing a brief addressing that order demonstrates that the [defendant-appellee] was not prejudiced by [plaintiff's] failure to comply with the requirements of form set out in Rule 303.").

¶ 20    We also find that plaintiff's brief is so deficient that the dismissal of her appeal would be warranted. Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's brief set forth contentions and the reasons therefor and cite the authorities on which the appellant relies. "A court of review is entitled to have the issues defined with relevant authority cited and cohesive arguments presented." *McHenry Township v. County of McHenry*, 2022 IL 127258, ¶ 61.

Arguments that are unsupported by citations to authority fail to meet the express requirements of Rule 341(h)(7) and are procedurally defaulted. *Id.* (declining to consider arguments not "fully briefed and argued"); *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11 ("procedural deficiencies under Rule 341(h) provide an additional basis to disregard the unsupported facts and consider the arguments in th[e] appeal waived").

¶ 21    These requirements apply to *pro se* and represented litigants alike. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. Although this court will only rarely dismiss an appeal for failure to comply with supreme court rules, it is within our sound discretion to do so. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 20 (striking plaintiff's appellate brief and dismissing appeal for failure to comply with Rule 341(h)(7)).

¶ 22    In this case, among other shortcomings, plaintiff's brief fails to provide any legal basis for her claim that this court should provide the relief she seeks and fails to cite a single authority in advance of her claim. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Accordingly, plaintiff's arguments are forfeited, and dismissal of her appeal is warranted for failure to comply with supreme court rules.

¶ 23    Forfeiture aside, we observe that plaintiff's appeal of the Board's ruling fails on the merits, and we therefore would affirm the Board's ruling.

¶ 24    Although plaintiff's notice of appeal lists not only the Board's decision but also the referee's decision and the circuit court's order, our review of administrative law proceedings is "limited to the propriety of the Board's decision." *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 394-95 (2010). This court reviews *de novo* the determination by an

administrative agency, such as the Board, that it lacked jurisdiction to consider an untimely appeal. *Thompson*, 399 Ill. App. 3d at 395.

¶ 25    As set forth above, the Board found that its exercise of jurisdiction over plaintiff's appeal was precluded by Section 801 of the Act, which provides that a referee's decision after a fair hearing "shall be final, unless, within 30 calendar days after the date of mailing of such decision, further appeal to the Board of Review is initiated pursuant to Section 803." 820 ILCS 405/801 (West 2020). "The 30 days are calculated from the date of service." *Thompson*, 399 Ill. App. 3d at 395. "Service is complete by mailing to the last known address of the party entitled to receive it." *Id.* (citing 820 ILCS 405/804 (West 2008)). Where a plaintiff files an appeal to the Board more than 30 days after the referee's decision was mailed to the plaintiff, the Board correctly concludes that it lacks authority to review the untimely appeal. *Thompson*, 399 Ill. App. 3d at 395.

¶ 26    Here, the undisputed facts include that the referee's determination notifying plaintiff of the denial of benefits and her rights to appeal was served (*i.e.*, mailed) to plaintiff at her last known address on July 16, 2021. Because the thirtieth day thereafter was a weekend day, the last day for plaintiff to file a timely appeal was Monday, August 16, 2021. See 5 ILCS 70/1.11 (West 2020) (weekends and holidays are excluded as the last day from the computation of any time requirement fixed by a statute in force in Illinois). The record reflects that the envelope containing plaintiff's appeal was postmarked August 17, 2021, and bears a return address for plaintiff that is the same as the address to which the referee's ruling was mailed. Based on these undisputed facts, the Board appropriately concluded that it lacked authority to consider the merits of plaintiff's untimely appeal of the referee's decision and dismissed the appeal. Therefore, we would affirm the Board's decision.

¶ 27    For the foregoing reasons, we dismiss plaintiff's appeal.

¶ 28    Dismissed.