2015 IL App (3d) 140595

Opinion filed August 6, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| ALEX GU, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF | ) | Appeal No. 3-14-0595 |
| EMPLOYMENT SECURITY; THE | ) | Circuit No. 14-MR-157 |
| DIRECTOR OF THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY; AND THE | ) | |
| BOARD OF REVIEW OF THE | ) | |
| DEPARTMENT OF EMPLOYMENT | ) | Honorable |
| SECURITY, | ) | John Anderson, |
| | ) | Judge, Presiding. |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices O'Brien and Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Alex Gu, appeals the decision of defendant, the Board of Review of the Illinois

Department of Employment Security (Board), dismissing his appeal of the claims adjudicator's

determination that plaintiff was ineligible to receive unemployment insurance benefits (UIB).

The Board dismissed defendant's appeal on the basis that it was untimely filed.  We confirm the

decision of the Board.

¶ 2                                                    FACTS

¶ 3           Plaintiff began receiving UIB on or before December 9, 2012. On March 11, 2013, the

Illinois Department of Employment Security (IDES) mailed to plaintiff a "Notice of Work

Search Audit" seeking documentation of plaintiff's efforts to find employment between

December 9 and December 22, 2012. Plaintiff's response was due March 20, 2013. Plaintiff did

not send the requested documentation by the deadline.

¶ 4           On March 22, 2013, IDES mailed to plaintiff a determination stating that a claims

adjudicator had determined that plaintiff was not actively seeking work; was ineligible for

benefits between December 9, 2012, and March 16, 2013; and would be determined ineligible

for benefits until he met the eligibility requirements. The determination notice advised plaintiff

that the determination would be final if he did not file an appeal within 30 days.

¶ 5           On May 25, 2013, plaintiff filed a request for reconsideration of the claims adjudicator's

determination and an administrative appeal to the referee. In his request for reconsideration,

plaintiff stated that: (1) he was out of the country between March 1 and April 26, 2013; (2) he

did not file an appeal within 30 days because he did not receive the determination notice; and (3)

he had been diligent in searching for a job. Plaintiff's request for reconsideration was denied by

the claims adjudicator.

¶ 6           A telephone hearing on plaintiff's administrative appeal was scheduled, but the referee

who was to conduct the hearing denied the appeal on jurisdictional grounds without holding a

hearing. Plaintiff appealed the decision of the referee to the Board. On October 16, 2013, the

Board remanded the matter to the referee with instructions to hold a hearing on the issue of the

timeliness of plaintiff's appeal.

¶ 7    Thereafter, the referee held a telephone hearing at which plaintiff testified. The referee asked plaintiff why he filed his appeal on May 25, 2013. Plaintiff replied that he had been in China between March 1 and April 26, 2013, looking for a job and visiting family and did not see the letter until he returned home. The referee asked why plaintiff waited an additional month to file his appeal after he returned, and plaintiff replied that he had a large amount of mail when he returned home.

¶ 8    On November 5, 2013, the referee issued a decision dismissing plaintiff's appeal. The referee's decision reasoned that plaintiff's appeal was untimely because it was filed more than 30 days after the claims adjudicator's determination, and, consequently, the referee was without authority to hear the appeal.

¶ 9    On November 15, 2013, plaintiff appealed the referee's decision to the Board, alleging that he did not receive notice of the determination because he was out of the country between March 1 and April 26, 2013. Additionally, plaintiff alleged that recoupment of his benefits would be against equity and good conscience because it would cause extreme financial hardship, and he attached a petition to waive recoupment to his appeal.

¶ 10    The Board affirmed the referee's decision. The Board reasoned that the determination of the claims adjudicator became final when plaintiff did not file an appeal within 30 days of the determination, and plaintiff was not relieved from filing a timely appeal because he was out of the country. Consequently, the referee had no jurisdiction to entertain plaintiff's appeal.

¶ 11    Plaintiff filed a complaint for administrative review in the circuit court. In his complaint, plaintiff alleged that he had been out of the country between March 1 and April 26, 2013, and had not received the notice of work search audit. The complaint further alleged that he had received a "Notice of Overpayment and Recoupment Decision" on March 22, 2013, seeking

3

recoupment in the amount of $5,215. Plaintiff requested that the court reverse the Board's decision and reverse the recoupment decision.

¶ 12    The Board filed its administrative record as its answer to plaintiff's complaint pursuant to section 3-106 of the Code of Civil Procedure (735 ILCS 5/3-106 (West 2012)). Plaintiff filed a motion for summary judgment, arguing that the Board's answer did not respond to any of his allegations directly.

¶ 13    After hearing arguments, the circuit court denied plaintiff's motion for summary judgment and confirmed the decision of the Board. Plaintiff filed a "Petition for Rehearing" in the circuit court, which was denied.

¶ 14                                    ANALYSIS

¶ 15    On appeal, plaintiff argues that: (1) the circuit court erred in denying his motion for summary judgment; (2) recoupment of benefits previously paid to plaintiff should be waived; and (3) the circuit court improperly concluded that plaintiff did not adequately search for a job. Because plaintiff's appeal from the claims adjudicator's determination was filed beyond the statutory 30-day time period, we confirm the decision of the Board that both the Board and the referee lacked jurisdiction to reach the merits of plaintiff's appeal.

¶ 16    Administrative agencies have no general or common law powers. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 38. "Rather, an agency's powers are limited to those granted by the legislature and any action must be specifically authorized by statute." *Id.* When an administrative agency acts outside its statutory authority, it acts without jurisdiction. *Daniels v. Industrial Comm'n,* 201 Ill. 2d 160, 165 (2002). Section 800 of the Unemployment Insurance Act provides:

4

"Except as hereinafter provided, appeals from a claims adjudicator shall be taken to a Referee. *** Unless the claimant or any other party entitled to notice of the claims adjudicator's 'finding' or 'determination,' as the case may be, or the Director, within 30 calendar days after the delivery of the claims adjudicator's notification of such 'finding' or 'determination,' or within 30 calendar days after such notification was mailed to his last known address, files an appeal therefrom, such 'finding' or 'determination' shall be final as to all parties given notice thereof." 820 ILCS 405/800 (West 2012).

¶ 17    "The time period for filing an appeal from an adjudicator's determination is mandatory and operates as a statute of limitations." *Lachenmyer v. Didrickson*, 263 Ill. App. 3d 382, 385 (1994) (citing *Hernandez v. Department of Labor*, 83 Ill. 2d 512, 517 (1981)). "Both the referee and the Board lack jurisdiction to reach the merits of an appeal of an adjudicator's decision that has been untimely filed." *Id.* at 385.

¶ 18    Here, the record shows that the claims adjudicator's determination was mailed to plaintiff on March 22, 2013. Plaintiff did not file an appeal until May 25, 2013. The 30-day time period for appealing the determination of the claims adjudicator was mandatory. *Id.* at 385. Thus, the fact that plaintiff allegedly did not read the determination until after the appeal deadline had passed because he was out of the country did not excuse the late filing of his appeal. As plaintiff's appeal was filed well after the 30-day deadline, the Board properly dismissed plaintiff's appeal for lack of jurisdiction.

5

¶ 19        We note that plaintiff mentions his petition for waiver of recoupment several times in his brief. The record does not establish that recoupment of plaintiff's benefits occurred at all. Even if recoupment was occurring, the record shows that plaintiff failed to follow the proper procedures to request waiver of recoupment. Here, plaintiff raised the issue of recoupment for the first time in his appeal to the Board. Plaintiff, however, is required to tender his initial request to his local unemployment office. See 56 Ill. Adm. Code 2835.50, 2835.55 (2012) (the initial request for waiver of recoupment should be made at the local unemployment office and, if it is denied, the claimant may file a request for reconsideration of the denial with the claims adjudicator or appeal to a hearings referee). Therefore, we decline to address plaintiff's waiver of recoupment argument.

¶ 20                                       CONCLUSION

¶ 21        The decision of the Board is confirmed.

¶ 22        Confirmed.