2025 IL App (1st) 240172-U

No. 1-24-0172

Order filed April 9, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ALISA JEFFERSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 50335 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| DIRECTOR OF EMPLOYMENT SECURITY, and THE | ) | |
| BOARD OF REVIEW, | ) | Honorable |
| | ) | Patrick T. Stanton, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's order affirming the Board of Review's decision finding that plaintiff failed to timely appeal to the Department of Employment Security from its denial of her request for a waiver from recoupment of benefits.

¶ 2    In this administrative review action, plaintiff Alisa Jefferson appeals from the circuit court's order affirming the Board of Review's (the Board) decision upholding the Department of Employment Security's (the Department) dismissal of her appeal. The Department dismissed

Jefferson's appeal for lack of jurisdiction, following its denial of her request for a waiver from recoupment of benefits she received for which she was found ineligible. For the following reasons, we affirm.[1]

¶ 3                                       I. BACKGROUND

¶ 4      On August 24, 2022, the Department mailed Jefferson a "Notice of Right to Request a Waiver of Recovery of Overpayment of Unemployment Insurance and CARES [Coronavirus Aid, Relief, and Economic Security] Act Benefits Questionnaire and Request Form." The notice indicated that Jefferson had previously been notified that she had received benefits for which she was ineligible and had to repay. The notice informed her that, upon completion of a waiver request form and demonstration that (1) she received the overpaid benefits through no fault of her own and (2) recovery or recoupment of the overpayment would be against equity and good conscience, she might receive a waiver exempting her from repayment.

¶ 5      The notice further indicated that Jefferson received overpayments for regular unemployment insurance and extended benefits for the periods of (1) June 28, 2020, to September 26, 2020; (2) March 21, 2021, to March 27, 2021; and (3) March 28, 2021, to September 4, 2021. The overpayment amounts eligible for waiver totaled $7503. She received overpayments under various CARES Act programs for the periods of (1) June 28, 2020, to August 1, 2020; (2) September 27, 2020, to March 20, 2021; (3) February 28, 2021, to March 20, 2021; (4) March 21, 2021, to March 27, 2021; and (5) March 28, 2021, to September 4, 2021. The overpayment

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

amounts eligible for waiver totaled $12,989. The notice stated Jefferson had until October 11, 2022, to file the waiver request form.

¶ 6 Jefferson filed the waiver request form with the Department on October 11, 2022.

¶ 7 On November 18, 2022, the Department mailed Jefferson a determination that she was at fault for the overpayments and that she was therefore ineligible for a waiver of their recovery.[2] The determination indicated it concerned "Issue 012 900," a recoupment contest, and that she could file a request for reconsideration with the Department or appeal the determination "within thirty (30) calendar days after the date [the] notice was mailed to [her]."

¶ 8 The Department received a letter from Jefferson on December 22, 2022, requesting reconsideration or an appeal. An envelope included in the record on appeal is postmarked December 20, 2022.

¶ 9 On March 7, 2023, an administrative law judge ("referee") in the Department's appeals division held a telephone hearing. During the hearing, the referee stated that, on November 18, 2022, the Department had mailed Jefferson eight determinations denying her request for overpayment waivers. The referee explained that the telephone hearing would encompass an appeal for all eight determinations. The referee noted that Jefferson's appeals were due on December 18, 2022, but as that day was a Sunday, she was given until Monday, December 19, 2022, to file her appeals. However, the Department received her appeal on December 22, 2022, and her appeal was postmarked December 20, 2022. Jefferson testified that she filed her appeal late as she "forgot about the deadline" while caring for her mother, who had health issues.

---

[2]The record on appeal references the mailing of eight separate determination letters. However, the only determination letter in the record covers the period of February 28, 2021, to March 20, 2021.

¶ 10 On March 8, 2023, the referee issued a decision dismissing Jefferson's appeal. The decision noted that the appeal concerned the period from February 28, 2021, to March 20, 2021, and the hearing was held in conjunction with seven other docket numbers. Citing section 800 of the Unemployment Insurance Act (Act) (820 ILCS 405/800 (West 2022)), the referee concluded that it lacked jurisdiction to hear the merits of Jefferson's appeal, since she failed to file her appeal within 30 days of November 18, 2022, when the Department mailed her its determination

¶ 11 Jefferson appealed to the Board "for the issue of 009-010-011-012-013-014-015-016-900." She explained that the overpayments she received were "possibly" the fault of the Department or her last employer incorrectly reporting her wages and hours, and averred that she had reported all her earnings.

¶ 12 On June 21, 2023, the Board issued a decision for Issue 900 for the benefit period from February 28, 2021, to March 20, 2021, affirming the referee's decision. Citing section 800 of the Act, the Board found that the referee correctly dismissed Jefferson's appeal for lack of jurisdiction, since her appeal was due on December 19, 2022, but she did not file it until the next day.

¶ 13 On July 3, 2023, Jefferson filed *pro se* a complaint for administrative review in the circuit court, attaching the Board's decision regarding the benefit period from February 28, 2021, to March 20, 2021. On December 20, 2023, the court affirmed the Board's decision, finding that Jefferson failed to file a timely appeal.

¶ 14                              II. ANALYSIS

¶ 15 Jefferson now appeals *pro se*. She repeats her assertions that the alleged overpayments were possibly the fault of her employer or the Department, that she reported all her earnings, and that her employer may have incorrectly reported her wages and hours. She further states that when

her appeal was due, her husband "was very sick and died." As in her appeal to the Board, she states that her appeal is "for the issue of 009-010-011-012-013-014-015-016-900," and adds that she "never rec[ei]ved" $20,000.

¶ 16    In administrative appeals such as this one, the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)) governs our review. *Id.* § 3-102; 820 ILCS 405/1100 (West 2022). We review the Board's decision, not that of the circuit court or referee. *Maskevich v. Illinois Department of Employment Security*, 2022 IL App (1st) 210779, ¶ 17.

¶ 17    Administrative agencies "are creatures of statute that have only the power that the legislature gave them." *Id.* ¶ 19. When an agency acts outside its statutory authority, it is said that the agency "acts without jurisdiction." (Internal quotation marks omitted.) *Id.*

¶ 18    Pursuant to the Act, when a person receives benefits for which they have been found ineligible, a Department claims adjudicator may determine that the sum should be recouped or the person's request for a recoupment waiver should be denied. 820 ILCS 405/900(B) (West 2022). The person may appeal the claims adjudicator's decision "to a Referee within the time limits prescribed by Section 800 [of the Act]." *Id.*

¶ 19    In turn, section 800 of the Act provides that a claims adjudicator's determination "shall be final" unless the person files an appeal to a referee within 30 days of the date the determination was mailed to them. *Id.* § 800; *Maskevich*, 2022 IL App (1st) 210779, ¶ 20. The 30-day deadline "acts as a statute of limitations," and with which strict compliance is necessary. *Maskevich*, 2022 IL App (1st) 210779, ¶ 20; see also *Hernandez v. Department of Labor*, 83 Ill. 2d 512, 517 (1981) (time limitation in section 800 is mandatory rather than directory). Section 800 does not allow for late filings. 820 ILCS 405/800 (West 2022). This is true both for late filings due to excusable

neglect and those for good cause. *Hernandez*, 83 Ill. 2d at 519-20. The referee and Board therefore lack authority to reach the merits of an untimely appeal from a claims adjudicator's decision. *Gu v. Department of Employment Security*, 2015 IL App (3d) 140595, ¶ 17.

¶ 20 Here, the operative facts as to whether Jefferson timely filed her appeal to the referee are not in dispute, and our review is therefore *de novo*. *Maskevich*, 2022 IL App (1st) 210779, ¶ 18.

¶ 21 Jefferson does not dispute that the Department mailed her the claims adjudicator's determination on November 18, 2022, and alerted her that an appeal was due 30 days from that date. She does not dispute that her appeal was due on Monday, December 19, 2022—as December 18, 2022, which was 30 days from November 18, 2022, was a Sunday—and she mailed her appeal on December 20, 2022. See 820 ILCS 405/800 (West 2022) (appeal to referee must be filed within 30 days); 5 ILCS 70/1.11 (West 2022) (when computing time, last day is excluded if it falls on a weekend). Thus, Jefferson failed to file a timely appeal of the claim adjudicator's decision and she does not argue otherwise on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued in appellant's brief are forfeited); *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 (*pro se* litigants must comply with applicable court rules).

¶ 22 Accordingly, the Board correctly determined that the referee was without jurisdiction to reach the merits of Jefferson's appeal seeking review of the denial of her waiver of recoupment. 820 ILCS 405/800, 900 (West 2022); *Gu*, 2015 IL App (3d) 140595, ¶ 17.

¶ 23 We note that the only decision of the Board that Jefferson attached to her complaint in the circuit court was the one relating to the Issue 900 recoupment contest for the benefit period of February 28, 2021, to March 20, 2021, and that her complaint did not indicate that she was seeking judicial review of any other decision. See 735 ILCS 5/3-108(a) (West 2022) (complaint for

administrative review shall contain a statement of the decision or part of the decision sought to be reviewed); *Taylor v. Brooklyn Boulders, LLC*, 2025 IL App (1st) 231912, ¶ 57 (issues not raised in the trial court are forfeited and may not be raised on appeal). The record on appeal does not indicate that Jefferson filed a timely appeal to a referee relating to any other period. See *Beck v. DayOne Pact*, 2023 IL App (1st) 221120, ¶ 29 (it is appellant's duty to provide sufficient record on appeal to support claims of error). Thus, to the extent that Jefferson is seeking review of a Board decision relating to other time periods in which she received overpayments, she has forfeited any such argument.

¶ 24                                 III. CONCLUSION

¶ 25     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County affirming the Board's decision.

¶ 26     Affirmed.