2025 IL App (1st) 240974-U

FIRST DISTRICT,
SIXTH DIVISION
September 5, 2025

No. 1-24-0974

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ALICIA L. SANDERS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, Illinois. |
| v | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT | ) | No. 2023 L 50582 |
| SECURITY, DIRECTOR OF ILLINOIS | ) | |
| DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| and BOARD OF REVIEW, | ) | Honorable |
| | ) | Patrick T. Stanton, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Plaintiff's untimely appeal to the Illinois Department of Employment Security was properly dismissed for lack of jurisdiction.

¶ 2    Plaintiff Alicia Sanders appeals the decision of the Illinois Department of Employment Security (Department) Board of Review (Board), which dismissed her untimely appeal of the Department's fraud determination and decision for lack of jurisdiction. The circuit court affirmed the Board's decision. So do we.

¶ 3                                    I. BACKGROUND

¶ 4         On October 31, 2022, the Department mailed Sanders a "Notice of Fraud Determination and Recoupment Decision," finding Sanders simultaneously earned wages and collected unemployment benefits for a seven-week period in 2020. The Department found Sanders knowingly made a false statement or failed to disclose material facts to receive unemployment benefits and ordered her to repay the benefits plus a penalty, totaling $2,101.05. The fraud determination and decision informed Sanders that any request for reconsideration or appeal "must be filed with the [Department] within thirty (30) calendar days after the date [the] notice was mailed."

¶ 5         Sanders did not appeal the Department's fraud determination and decision until June 8, 2023, asserting the claims at issue resulted from identity theft.[1] On July 6, 2023, a referee heard Sanders's appeal via telephone. At the hearing, Sanders did not dispute receiving the Department's October 31, 2022, fraud determination and decision. Rather, she claimed she filed her appeal late because she called the Department "as soon as [she] got the letter in October" and was told to "disregard the letter." When the referee told Sanders "there [were] no calls from [her] *** after the letter was mailed out to [her] on October 31st," Sanders clarified that she called the Department on October 21, 2022, in response to a "notice of audit" dated October 14, 2022, not the Department's fraud determination and decision mailed on October 31st.

¶ 6         The referee dismissed Sanders's appeal for lack of jurisdiction, finding Sanders failed to appeal the Department's fraud determination and decision within 30 days, as required under section 800 of the Illinois Unemployment Insurance Act (Act) (820 ILCS 405/800) (West 2022).

_____

[1] Sanders's appeal was erroneously dated March 17, 2001, but the hearing referee and the Board found Sanders appealed on June 8, 2023. Sanders does not dispute this.

Sanders appealed to the Board, and on September 29, 2023, the Board issued its final decision, agreeing the referee lacked jurisdiction because Sanders appealed more than 30 days after the Department's fraud determination and decision. The circuit court affirmed the Board's decision. Sanders appeals.

¶ 7                                      II. ANALYSIS

¶ 8         The operative facts are undisputed. Thus, the question of whether Sanders timely appealed the Department's fraud determination and decision is a matter of law that we review *de novo*. *Maskevich v. Illinois Department of Employment Security*, 2022 IL App (1st) 210779, ¶ 18.

¶ 9         Agencies are "creatures of statute that have only the power that the legislature gave them." *Id.* ¶ 19. As such, when an agency acts outside of its authority, it acts without jurisdiction. *Id.* Section 800 of the Act imposes a limitation on the referee and Board's jurisdiction to hear appeals. It provides that a determination made by a claims adjudicator shall be final unless the claimant appeals within 30 days from the date the decision was mailed. 820 ILCS 405/800. The Act "does not confer additional authority on the Board to entertain appeals beyond" this 30-day deadline. *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 395 (2010) (citing 820 ILCS 405/800).

¶ 10         It is undisputed that on October 31, 2022, the Department mailed Sanders its fraud determination and decision. The determination informed Sanders that any request for reconsideration or appeal must be filed within 30 days. Sanders did not appeal until June 8, 2023, 190 days after the deadline. The Act's jurisdictional limitation cannot be excused.

¶ 11         Sanders blames her delay on the fact she called the Department on October 21, 2022, in response to a notice of audit she received and was told to "disregard the letter." However, this

was ten days before the Department mailed the fraud determination and decision, which clearly notified Sanders of her right to appeal within 30 days. As such, the Board properly dismissed Sanders's appeal for lack of jurisdiction. See *Maskevich*, 2022 IL App (1st) 210779, ¶ 21 (affirming dismissal of untimely appeal from Department's determination for lack of jurisdiction); *Jefferson v. Department of Employment Security*, 2025 IL App (1st) 240172-U, ¶ 22 (same).

¶ 12                                    III. CONCLUSION

¶ 13         For the forgoing reasons, we affirm the judgment of the circuit court of Cook County affirming the Board's decision, which dismissed Sander's untimely appeal for lack of jurisdiction.

¶ 14         Affirmed.